## CAIN v. KING.

No. 6081—Opinion Filed Nov. 6, 1917.

(168 Pac. 799.)

### 1. Appeal and Error—Sufficiency of Evidence—Review.

When a demurrer is not interposed to the evidence or a directed verdict requested, this court will not review the sufficiency of the evidence to sustain the verdict rendered.

### 2. Account, Action on—Evidence—Finding.

In the trial of an action upon an account a requested instruction that, "If the jury from the evidence are unable to say that the defendant is indebted to plaintiff for a definite sum, then the jury should find for the defendant," correctly states the law, and the refusal to give such instruction is reversible error.

(Syllabus by Collier, C.)

Error from County Court, Rogers County: Edgar Anderson, Judge.

Action by Ed King against T. A. Cain. From a judgment of the county court for plaintiff, on appeal from a verdict in justice court for defendant, defendant brings error. Reversed and remanded.

See, also, 49 Okla. 594, 153 Pac. 1133.

A. Nicodemus and Jno. F. Kerrigan, for plaintiff in error.

John M. Goldesberry, C B. Holtzendorff, and P. W. Holtzendorff, for defendant in error.

Opinion by COLLIER, C. This is an action brought by defendant in error against the plaintiff in error upon an account for $42.50 for coal sold and delivered to the plaintiff in error at his especial instance and request; was tried to a jury in the justice court, and resulted in a verdict for defendant; appeal was taken to the county court of Rogers county, Okla., and resulted in a verdict for the plaintiff in the sum of $25. Hereinafter the parties will be designated as they were in the trial court.

Attached to the bill of particulars in this case, as an exhibit, was a statement:

"Coal sold by plaintiff to defendant in the sum of $64.10, credited by cash by C. D. Evans, $21.60."

For the reason hereinafter stated, it is unnecessary to recite the evidence except so far as may be necessary for a proper review of errors complained of other than that the verdict of the jury is not supported by the evidence. There is no evidence in the case showing the quantity of coal sold by plaintiff to defendant, if any. The coal alleged to have been sold by plaintiff to defendant was sold during the month of August, 1909. The evidence shows that under an agreement with the plaintiff, C. D. Evans was authorized to sell coal from the coal pit of the plaintiff. The evidence is in direct conflict as to whether or not the defendant ever contracted to buy coal from the plaintiff, and whether or not Evans had authority to collect for the coal which is the subject-matter of this action, and whether or not the coal sold in the exhibit attached to bill of particulars in this case was the identical coal bought by defendant.

Defendant offered in evidence a check in the following words and figures:

"First National Bank: No. ———.

"Pay to the order of C. D. Evans $83.00. eighty-three dollars, for in full for coal Sept. 1, 1909. Thos. A. Cain & Co., by Thos A. Cain."

Indorsed on face, to wit:

"Oklahoma State Bank. Paid ———12, 1909 [month indistinct and blurred]. Collinsville, Oklahoma."

Indorsed on back, to wit:

"C. D. Evans."

Plaintiff objected to the introduction of said check as evidence on the grounds that same was irrevelant and immaterial, which objection was sustained by the court, and defendant duly excepted. The defendant did not demur to the evidence or request the court to direct the jury in his favor. Upon the conclusion of the evidence, the defendant requested the court to give the jury the following instructions:

"2. If the jury finds from the evidence that plaintiff authorized one Evans to sell coal from the bank of plaintiff. and such coal so sold was charged to Evans and accounted for by Evans to plaintiff, and that all coal defendant received from the banks of plaintiff was accounted for by Evans to plaintiff. then you should find for the defendant."

—which the court refused to give, and defendant duly excepted. Thereupon the defendant requested the court to give the jury the following instruction:

"3. If the jury from the evidence is unable to say that defendant is indebted to the plaintiff for a definite sum, then you should find for defendant."

Upon the rendition of the verdict for the plaintiff in the sum of $25, the defendant moved for a new trial, which was over-

ruled and excepted to, and brings error to this court.

Included in the assignments of errors is that the verdict of the jury is not sustained by the evidence. The defendant having failed to demur to the evidence or ask an instructed verdict, the verdict · is conclusive and the sufficiency of the evidence to sustain the same is not presented to this court. Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Simpson v. Mauldin, 61 Okla. 92, 160 Pac. 481; Van Arsdale & Osborne Brokerage Co. v. Hart, 62 Okla. 119, 162 Pac. 461.

There being evidence that Evans, during the period covered by the statement attached to the bill of particulars, sold coal to ˮ defendant and received pay from him therefor, and the evidence being in conflict whether or not all the coal furnished the defendant from the coal pits of the plaintiff was sold by Evans to the defendant, we are of the opinion, and so hold, that the court committed reversible error in excluding from the evidence the check offered by the defendant, as such evidence tended to support the contention of defendant that he had paid Evans for all the coal that had been furnished defendant from the pits of the plaintiff.

We think that instruction No. 2, requested by the defendant, correctly states the law, for the reason that if all the coal which had been furnished from the banks of plaintiff to the defendant was paid for to Evans, as there was evidence tending to show that Evans was authorized to sell coal from ˮ the banks of plaintiff and collect therefor, the court committed reversible error in refusing to give said instruction to the jury.

Instruction No. 3, requested by the defendant, correctly states the law, and defendant was entitled to have the jury so instructed, and the court committed reversible error in refusing to give said instruction. The jury must have evidence—either positive or circumstantial—upon which to predicate the amount ʼof the verdict, and cannot render a verdict upon conjecture. Spaulding Mfg. Co. v. Holiday, 32 Okla. 823, 124 Pac. 35; Kansas City Southern Railway Co. v. Henderson, 54 Okla. 320, 153 Pac. 872; Kansas City Southern Railway Co. v. Langley, 62 Okla. 49, 160 Pac. 451; 5 Corpus Juris, 1409, sec. 82.

For the errors pointed out, this cause is reversed and remanded.

By the Court: It is so ordered.