## PARMENTER, Trustee, et al. v. DOUGLASS TANK CO.

No. 15389—Opinion Filed Nov. 24, 1925.

1. **Account, Action on — Unverified Account with General Denial—Burden of Proof—Prima Facie Case.**

Where the action is based upon an unverified itemized account for work and labor performed and materials furnished, and the same is put in issue by a general denial, the burden of proving the correctness of the account is upon the plaintiff; and any witness who would have been qualified to verify the account, under section 287, C. S. 1921, is competent to testify as to the correctness of the account, and any testimony tending to show that the items of the account are correct is sufficient to make out a prima facie case, and to shift the burden to the defendant, without proving the reasonable or market value of each item.

2. **Appeal and Error—Review—Inconsistency of Verdict.**

Where the action is based upon an account for work and labor performed and materials furnished in a sum certain, and the defense is based upon breach of warranty in doing the work and a counterclaim for damages, and the jury return a verdict for plaintiff for a less sum than the amount sued for and proved without finding anything for defendant, such verdict is not such an inconsistency as will work a reversal of the judgment, on the ground

that the court cannot determine how the jury arrived at the amount of the verdict.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Muskogee County; Wm. H. Zwick, Assigned Judge.

Action by the Douglass Tank Company against L. C. Carpenter, trustee, and John H. Mosier on an account for work and labor performed and materials furnished, in setting up and repairing a wooden oil tank. Judgment for plaintiff, and defendants appeal. Affirmed.

Mosier, Bohannon & Mosier, for plaintiffs in error.

M. A. Dennis and Vilas V. Vernor, for defendant in error.

Opinion by THREADGILL, C. Plaintiffs in error were defendants, and defendant in error was plaintiff in the trial court, and the parties will be referred to here as they were there.

The action was based upon an itemized account of $565.23, showing a credit for $200, and plaintiff obtained judgment for $265.23, and defendants appealed.

The former opinion prepared and handed down in this case treated the account sued on as a verified account. This theory was based upon the attitude of the parties in the briefs and in part upon the record in the case. The petition and amended petition had the account verified and the second amended petition, upon which the cause was tried, had the account unverified. The answer and cross-petition of defendants, filed after plaintiff's second amended petition, makes general denial to plaintiff's "petition", but does not mention the amended petitions. The answer admits that the defendants employed plaintiff to set up and repair a 1,600 barrel wooden oil tank and admits that it did the work and furnished the materials, but denies liability on the ground that the work was not done in the skillful manner agreed on, and, on account of the careless and unskillful manner of doing the work, the tank leaked and oil placed in it ran out, and to the damage of the defendants in the sum of $25,-000. On appeal defendants, in their brief, do not deny the items of work done and materials furnished, but contend that there was no proof of the value of the services rendered. This was according to their theory of the case, that the action was based on a contract and not upon the ac-

count. Plaintiff, in its answer brief, contended that the action was not based upon contract, but "upon the verified itemized account in the same sense as an account for goods, wares, and merchandise," and the account is copied in the brief with verification as same appears in the first amended petition. There was no reply brief, and under this state of the record, as the same was presented by the parties, the writer of the former opinion, without examining the record, understood that the account sued on was verified and adopted this theory in writing the opinion.

Defendants, in their petition for rehearing, object to the opinion and call attention to the fact that the court was in error in holding that the account attached to the second amended petition was verified, when in fact it was not verified, and we find this to be true. However, under the status of the briefs, we do not think defendants are in a position to complain in the petition for rehearing.

We are glad to make the correction, but we do not see where this correction is of any assistance to defendants. In the trial of the case plaintiff introduced its itemized account and proved its correctness by the witness James A. Arnold, who was manager of the office and was acquainted with the record of the account, and while defendants introduced evidence on the issues as to the manner of the work done and the warranty they claimed, they did not deny the correctness of the items or work and labor and materials or prices stated in the itemized account.

Defendants introduced evidence to show what the contract was, and that the work was not done as agreed upon; that the repairs were to be made to prevent leakage and the leaks were not prevented and the oil ran out and defendants were damaged. Plaintiff denied the evidence as to warranting that the repairs would be made to prevent leakage, and stated that the work was done in a skillful manner by experienced workmen and the tank was old and the leaks could not be stopped by repairs. The evidence as to all these issues, the correctness of the account, and the contract of warranty, and the manner in which the work was done, and the damages claimed by defendants, was conflicting and was submitted to the jury by proper instructions of the court, and it was for the jury to determine these issues, which they did by their verdict in favor of the plaintiff for $265.23.

1. Defendants' first contention to reverse the judgment is that the evidence does not show the value of the items of the repairs and materials furnished as stated in the account, and they cite the case of McDaniels v. Harrington (Ore.) 157 Pac. 1068, of the Supreme Court of Oregon, and several New York cases to support their contention, all of which we have examined, and find that they apply to cases where the plaintiff is employed to work and furnish materials for a stipulated sum, and only a part of the contract is performed and plaintiff is not permitted to finish the contract, and, in such case, defendant is liable only for the reasonable value of the work or the materials furnished, which had to be proven, but this rule has no application where the contract is for work and labor to be performed and materials furnished in an undertaking or enterprise and the price is left open to be determined by the amount of work to be done or time consumed in doing it and the materials furnished, because the items of work done or time consumed and the items of materials furnished form the basis of payment, and not the contract for a complete job or undertaking at an agreed price. In the one case the items of the work done and materials furnished fix the price to be charged and to be paid; in the other the contract for the amount of work to be done and materials to be furnished to complete the enterprise or the part agreed upon fix the basis for settlement. In the one case the action is based upon the account and in the other upon the contract. In the matter of proof, the correctness of the account may be proven as any other account. If it is itemized and verified and made a part of the petition its correctness is taken as true unless denied under oath by defendant's answer: if it is denied under oath, then the burden is upon the plaintiff to prove its correctness as any other material fact in the case. If the account is not verified, then a general denial of defendant puts its correctness in issue. The proof necessary to make out a prima facie case, as to the correctness of the account, is testimony of one who knows that the work was done and the materials were furnished and the prices stated were charged, then the burden shifts to defendants to answer this proof by testimony tending to show that the items of work or any of them were not done, and the items of materials or any of them were not furnished, or that the prices stated are not correct. On the other hand, where the action is based upon the contract and the contract was not complete and the amount sued for is less than the contract price, then the rule as to proof,

invoked by defendants, is applicable. In the case at bar, while the claim involved grew out of the contract, it was nevertheless an account and governed by the law of accounts. Southern Kansas Ry. Co. v. Gould (Kan.) 24 Pac. 352; Gray v. Bryant (Kan.) 26 Pac. 470. It appears from the record (not from the briefs of the parties), that the account upon which the cause was tried was not verified, but the evidence shows that its correctness was proven by the first witness placed on the stand by plaintiff. This witness testified that he was the office man of plaintiff and knew about the work and materials furnished, and he was familiar with the invoices, and he sent out statements to the customers, and the account sued on was correct. Defendants did not even cross-examine this witness. There was other evidence showing that the work was done and materials for the repairs were furnished. One of the workmen, who worked on the tank before oil was run into it, and after it was run in, stated the facts as to what was done, corroborating the testimony of the first witness as to the correctness of the account, and none of plaintiff's evidence as to the correctness of the account was contradicted by defendants. They rested upon their claim of warranty and breach of same and resulting damages, which was denied by plaintiff and without objection. The court submitted all these issues to the jury, and the jury found in favor of plaintiff in the sum of $265.23, and upon review of the evidence, we think it is amply sufficient to sustain the verdict.

2. Defendants' second contention is that the verdict of the jury is inconsistent with the facts and evidence in the case. They say plaintiff sued for $365.23 and the jury gave $265.23, being $100 less than the claim demanded, and this is inconsistent except on the theory that they found some damages for defendants, and, if they were entitled to any damages, they were entitled to more than $100.

We cannot agree with this contention, nor can we determine just what was in the minds of the jury when they gave their verdict for $265.23 instead of $365.23, nor is it necessary to know in order to sustain the verdict. Whatever it was, whether it was done by mistake, or by some false reasoning, or arbitarily, whatever it was, it was in favor of defendants, and plaintiff is not complaining, and the verdict being within the amount sued for and reasonably supported by the evidence, the same will not be disturbed by this court. The judg-

ment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 1 C. J. pp. 661, § 184; 662, § 186 (Anno); 663, § 189 (Anno). (2) 4 C. J. p. 1055, § 3038.