**BURFORD et al. v. RICHARDS & CONOVER HARDWARE CO.**

No. 28029.   March 29, 1938.

Erwin & Erwin, for plaintiffs in error.

F. Leonard Sibel, for defendant in error.

BAYLESS, V. C. J. The Richards & Conover Hardware Company, a corporation, instituted an action against W. R. Burford and L. E. Burford, as copartners operating under the name and style of Burford Hardware & Furniture Company, in the district court of Lincoln county, Okla., to recover a money judgment for the balance due on an open account for goods, wares, and merchandise sold and delivered. The trial court directed a verdict in favor of the plaintiff, and the defendants appeal.

The defendants present two contentions, but it is necessary to notice but one, and that relates to the action of the trial court in overruling the demurrer of the defendants to the evidence of the plaintiff.

The plaintiff attached to its petition a verified statement of account. This consisted of many pages of figures without explanation. To one versed in the business forms of the commercial world, it would appear that the first column of figures were dates, the second column amounts of charges, the third column amounts of credits, and the fourth column balances. This exhibit was typewritten. It was verified as being true and correct. The defendants filed several answers, but the answer upon which the case went to trial contained a denial of the correctness of the statement of account, and this denial was verified. There-

fore, under our decision in Black v. Wickett, 127 Okla. 53, 259 P. 642:

"Where the verified account sued on is denied under oath by the defendant, the burden is on the plaintiff to establish each item thereof"

—the burden was upon the plaintiff to establish each item of the statement of account, and demonstrate the balance due on it. We will say at this point that the statement of account contained numerous charges identified as being interest charges made monthly upon the balance due, and these, by stipulation, were eliminated from the case.

The plaintiff used one witness. This witness is an office worker, and has been in charge of the records pertaining to this account since 1934 only. The account began in 1921, and the statement purports to contain every credit transaction between the parties from 1921 to 1935. This witness identified many pages of bookkeeping entries, made by machine, as being records of the company kept in the usual course of business, of which the exhibit to the petition is a typewritten copy. As said before, of the typewritten copy, these pages of bookkeeping entries contained nothing but figures. Assuming the respective columns of figures to be what we have heretofore said, the documents proved exactly nothing against defendants. We do not agree with defendants that these documents were not admissible, for in our opinion, when they are kept in the ordinary course of business, they come within the rule laid down in Maney v. Cherry, 170 Okla. 469, 41 P.2d 82.

Section 230, O. S. 1931, reads: "If the action * * * be founded on account * * * a copy thereof must be attached to and filed with the pleading. * * *" This is so plain and explicit as to preclude misunderstanding. Without pausing to discuss the sufficiency of the copy of the account attached to the petition in this case, we notice that its correctness was averred under oath. Therefore, under section 220, O. S. 1931, its correctness is admitted unless denied under oath. The answer containing the denial of the correctness of the account is verified. We have heretofore pointed out the party upon whom the burden of proof rests to establish each item of the account.

Therefore, it is possible that such copy of the account might be taken, together with the other allegations of the petition, as true and sufficient to establish and sup-

port a judgment, especially where its correctness is not denied under oath. It is not necessary that the account be pleaded so as to constitute evidence per se. 1 C. J. 591, sec. 8 (e). But it must be more than "a string of figures." W. M. Finck Co. v. Brewer, 133 Miss. 9, 96 So. 402, and Brooks v. Int. Shoe Co., 132 Ark. 386, 200 S. W. 1027. (The same rule of definiteness and certainty in detail for an exhibit to a pleading ought to apply to the exhibit when finally introduced in evidence.)

We make the previous statements in view of the evidence of plaintiff. The witness McRay identified the pages as being original entries of account kept by plaintiff. The only charges identified were those for interest, and these were eliminated. He admitted that the orders, invoices, etc., were in the company's possession. The defendants thereupon renewed their objection to the exhibit as not being the best evidence. The court ruled that if the defendants desired to have the invoices introduced in evidence, they should have asked that they be brought in. This is a complete misconception of the burden of proof. By the pleadings the burden rested upon the plaintiff and not the defendants.

We do not mean to say that the exhibits identified, and introduced in evidence, are not admissible in evidence. They are, and can and do serve a purpose. But we hold that consisting simply of figures and nothing else, and not being supplemented or aided by other evidence, they are insufficient to sustain the burden that was upon the plaintiff under the pleadings.

The proffered evidence in W. M. Finck & Co. v. Brewer, supra, is similar to the evidence in this case as is disclosed by the following excerpt from the opinion in that case:

"The accounts contemplated by these two sections of the code are itemized accounts. They must show the dates of purchase, the kind of goods, the quantity and the price. Pipes v. Norton, 47 Miss. 61.

"The account in this case is made out as follows: We have 'Feb. 13, mdse, 303.00.' This evidently means a purchase on February 13 of merchandise for the sum of $303.00. Lower down in the account this particular purchase is attempted to be itemized as follows:

| Lot No. | Price | Doz | Amount | Total |
|---|---|---|---|---|
| 52 | 72.00 | 2 | 144.00 | |
| 102 | 27.00 | 2 | 54.00 | |
| 780 | 35.00 | 3 | 105.00 | 303.00 |

"This account must refer to the lot number in the catalogue of the plaintiff, evident-

ly the price a dozen of some kind of merchandise. We cannot tell from it the character of goods purchased. It is really but a string of figures, from which the defendants cannot tell for what they are charged."

It may be observed in passing that the defendant W. R. Burford testified that the defendants did not owe plaintiff a cent, and this testimony, together with other confusing testimony concerning certain credits claimed, required the submission of the issues to the jury. The trial court erred in directing the verdict. This in itself would have been sufficient to cause a reversal of the judgment, but we felt the error of the court in respect to the burden of proof, and of the probative character and weight of the exhibit introduced in evidence, required discussion in view of the likelihood of another trial.

Judgment reversed.

RILEY, GIBSON, HURST, and DAVISON, JJ., concur.