## SEIDENBACH'S v. TITUS RADIO CORPORATION.

### No. 29390.  April 30, 1940.

*102 P. 2d 168.*

Samuel A. Boorstin and Samuel H. Minsky, both of Tulsa, for plaintiff in error.

J. F. Lawrence, of Tulsa (Roeder Wild, of Tulsa, of counsel), for defendant in error.

DAVISON, J.  This action was instituted by Titus Radio Corporation, as plaintiff, to recover the sum of $95.23 from the defendant, Seidenbach's, in a justice of the peace court of Tulsa county.  From a judgment in favor of said plaintiff in the amount sued for, the defendant appealed to the court of common pleas of the same county, where the cause was tried de novo upon the same pleadings that had been filed in the justice court.

Plaintiff's action is conceded to be a suit upon an open account.  On the exhibit attached to its bill of particulars as a verified statement of said account, the items of the alleged account are represented by two columns of figures, which purport to be invoice numbers, but no description or anything to indicate the nature of the charges entered opposite the invoice numbers appears on said exhibit except the words "Un-earned Discounts" above the first column of figures.

The defendant's verified answer to the bill of particulars consists of a general denial of the allegations therein contained, together with a special denial of the correctness of the purported statement of account attached thereto.

W. E. Titus, who was in charge of the plaintiff's business during the period of its dealings with the defendant, was the plaintiff's principal witness.  During his examination, five sheets from the ledger kept by the plaintiff's bookkeeper were produced and introduced as plaintiff's exhibits "1" to "5", inclusive.  These exhibits show the debits and credits upon the defendant's account from December 29, 1934, to and including February 8, 1939, as computed upon a Burroughs bookkeeping machine.  The debits are identified on said ledger sheets only by date and invoice number.  Titus testified that most of the entries upon the statement attached to the plaintiff's bill of particulars represented "unearned discounts" upon bills of merchandise rather than the total sale price of any merchandise.  In explaining the expression "unearned discounts," the witness stated that there were certain articles of merchandise sold the defendant by his company upon which a discount of 2 per cent. of the sale price was allowed, if payment therefor was made within 30 days after the date of the invoice upon such sales, and that the entries for unearned discounts represented the amounts of certain discounts that the defendant had not earned because of its failure to make payment within the time allowed for such discounts.  The witness also stated, however, that there was no discount obtainable upon some of the merchandise plaintiff had sold the defendant, and he admitted that, in some instances, discounts had been allowed when the payment was a few days late.  Titus was unable to state which of the items on his sworn statement represented "unearned discounts" and which represented the sale price of merchandise; and only a few of the items was he able to identify in any manner whatsoever

except by invoice number, that is to say, he was unable to relate for what goods or merchandise, if any, the charges were entered. His attempted correlation of the invoice numbers appearing on the sworn statement with those on the ledger sheets revealed the presence of several invoice numbers on the statement that do not appear on the ledger sheets. Titus' testimony also reveals that toward the end of his company's dealings with the defendant there was a dispute between the two as to the correctness of the plaintiff's records of said account, and that after one or two conferences held to reconcile their respective records, the defendant transmitted to the plaintiff checks dated February 2, and February 3, 1938, in the sums of $456.47 and $948.09, respectively. He admitted that his company had delivered no merchandise to the defendant after December 30, 1937, and that the last of the two checks mentioned, when received by his company, had had a remittance statement attached to it bearing a notation to the effect that it paid "all items in full to December 31, 1937"; that notwithstanding this, both checks had been cashed by his company and the proceeds thereof applied on the defendant's account. He maintained, however, that they were not received in full satisfaction of the balance due on said account.

After the introduction of other evidence, unnecessary here to mention, the plaintiff rested, and the defendant demurred to its evidence. The court overruled this demurrer and the defendant, electing to stand upon its exception to said demurrer, gave notice of appeal to this court.

Thereafter the trial court sustained the plaintiff's motion for a directed verdict and entered judgment for the plaintiff upon the verdict returned pursuant to said direction. After the defendant's motion for a new trial was overruled, the present appeal was duly perfected.

The principal question presented herein is whether or not the evidence is sufficient to establish the plaintiff's alleged cause of action against the defendant. It is asserted on behalf of the defendant that an action of this character can only be sustained by proof of an itemized account showing the kind, quantity, and price of the goods purchased thereon, together with the dates of said purchases, and the credits, if any, on said account. As we have seen, these details were not furnished, either in the statement which the plaintiff attached to its bill of particulars at the commencement of the action or in the testimony of the plaintiff's principal witness, and our examination of the record discloses that no proof of these matters was ever introduced. That evidence such as is herein presented is wholly inadequate and insufficient to sustain a recovery of money alleged to be due on an open account is conclusively demonstrated by our opinion in the case of Burford et al. v. Richards & Conover Hdwe. Co., 182 Okla. 402, 77 P. 2d 1145. There, as here, the entries on the verified statement attached to the plaintiff's pleading were mere columns of figures, which had been transcribed from ledger sheets identified by a witness and introduced in evidence. In that case, we said that such evidence "proved exactly nothing against the defendants" and demonstrated that the proof necessary to support a judgment for the plaintiff in such an action must be more than "a string of figures." Plaintiff's exhibits in the present case, like those in the cited case, constitute nothing more than a "string of figures." That the ledger sheets, by which it was sought to explain and substantiate the sworn statement attached to plaintiff's bill of particulars, bore certain invoice numbers as well as other strings of figures purporting to represent charges, credits, and balances, gave them no additional attribute of the proof required, in the absence of any evidence to explain what kind, quantity, and value of goods or merchandise, if any, was comprehended by such notations.

Counsel for the plaintiff do not directly deny the applicability of our opinion in the Burford Case to the instant case, nor do they cite any authorities repudiating the principles therein followed. It seems to be their opinion, however, that certain evidence tending to show

that the defendant did not deny owing the plaintiff a certain balance (though smaller than the one involved herein) on the account at one time, and that statements showing a balance due on said account in an amount identical with the one herein sued for were sent to the defendant and were never replied to nor objected to, is sufficient proof to sustain his cause. There is not enough merit in this argument to warrant a discussion thereof. The inapplicability of the rule concerning an alleged debtor's receipt of statements and failure to reply or object thereto in this character of action, as distinguished from an action on an account stated, we think is fully demonstrated in the case of Oklahoma Hay & Grain Co. v. T. D. Randall, 66 Okla. 277, 168 P. 1012.

Counsel seem to be of the further opinion that the trial court's direction of the verdict in favor of the plaintiff was proper in view of the defendant's failure and refusal, after demurring to the plaintiff's evidence, to offer any evidence on its own behalf. There is no more merit in this contention than the ones hereinbefore dealt with. The defendant's verified denial of the plaintiff's allegations concerning the account in question placed all of said allegations in issue, and the plaintiff had the burden of proving the account and the balance alleged to be due thereon, regardless of whether or not the defendant introduced any evidence. See Burford et al. v. Richards & Conover Hdwe. Co., supra; Parmenter, Trustee, et al. v. Douglass Tank Co., 115 Okla. 193, 241 P. 471. Although in the last-cited case, we said that "any testimony tending to show that the items of the account are correct is sufficient to make out a prima facie case," as we have seen, there was no such evidence in the present case. The lists of figures shown upon the purported statement attached to plaintiff's bill of particulars did not constitute an itemized statement of an account as required by section 230, O. S. 1931, 12 O. S. A. § 296 (Burford v. Richards & Conover Hdwe. Co., supra), nor did the evidence introduced supply this deficiency. The total absence of proof in this regard is epitomized in the words of the witness Titus, who, when asked on cross-examination to identify the individual entries appearing on plaintiff's ledger sheets and his sworn statement, said:

"There is no use to ask me if I know what any of these items are, because I do not."

In view of the foregoing considerations, it is our opinion that the trial court erred in overruling the defendant's demurrer to plaintiff's evidence; and its judgment in favor of the plaintiff should be vacated and set aside. However, as it is not apparent that the plaintiff will be unable to produce sufficient proof to establish his cause of action upon a retrial thereof, the order of the trial court overruling the defendant's motion for a new trial is hereby reversed and the within cause is remanded to the common pleas court of Tulsa county for further proceedings not inconsistent with the views and directions herein set forth.

BAYLESS, C. J., and OSBORN, CORN, and GIBSON, JJ., concur.