SEIDENBACH'S v. DENNEY et al.

No. 30872. Nov. 9, 1943.

Rehearing Denied Feb. 29, 1944.

*146 P. 2d 105.*

Samuel A. Boorstin and Thos. A. Landrith, Jr., both of Tulsa, for plaintiff in error.

Fist, Dewberry, Shidler & Bragg, of Tulsa, for defendants in error.

PER CURIAM. Plaintiffs, individuals comprising a copartnership of Denney and Denney, who will be referred to hereinafter as plaintiffs, filed an action on open account against Seidenbach's, a corporation, hereinafter called defendant, for a balance due of $298.90. The original account was alleged to be $691.81. It is further alleged that $392.91 was paid thereon, leaving due the balance prayed.

It is alleged that the account duly verified was attached to the petition as exhibit A. The account was not verified. The defendant denied generally any indebtedness because of the facts alleged in the cross-petition. In its cross-petition it alleged that plaintiffs and defendant entered into a contract by reason of which defendant became the exclusive agent in the city of Tulsa for the products of plaintiffs sold under the trade name of Frances Denney Toiletries; that by reason of a breach of the contract defendant was damaged in the sum of $1,945.23.

The cross-petition was amended, finally seeking damages in the sum of $1,333.11 for breach of alleged exclusive agency contract. Issues were joined by a reply on the last amended answer and the cause went to trial on these issues. Defendant dismissed the cross-petition and demurred to plaintiffs' evidence. The court overruled the demurrer and defendant elected to stand thereon. The plaintiff then moved for a directed verdict. Judgment was rendered for the plaintiffs for $284.76, and defendant appeals.

Defendant has presented four general propositions. They are all included in the argument that the court erred in not submitting the issues to the jury and in directing a verdict for the plaintiffs.

These propositions are based upon the proceedings following the commencement of the trial, and involve the following fact situation: The answer filed, although containing a statement of denial, generally, connected this denial with the allegation of the cross-petition. Defendant made no specific denial of

the correctness of the account other than this. Plaintiffs introduced testimony consisting of identification of a general itemized statement of the merchandise purchased and the payments made thereon. The total amount of the purchases commencing on November 16, 1937, was $691.81. The total amount of the payments thereon was $392.91. Plaintiffs, in addition to this general itemized statement, introduced invoices evidencing the sale and delivery of each item and the credit slips evidencing payment thereon. They also introduced and identified the ledger sheet of the account.

Defendant questioned certain items in the ledger sheet totaling $14.04. At the conclusion of the evidence the defendant first dismissed its cross-petition without prejudice and then demurred to the plaintiffs' evidence. Plaintiffs asked permission of the trial court to exclude from the amount the items objected to by the defendant totaling $14.04. The trial court permitted the withdrawal from the account all these contested items, and directed a verdict for the plaintiffs for the amount sued for less the $14.04 and entered judgment for the plaintiffs for $284.76.

Defendant relies chiefly upon Seidenbach's v. Titus Radio Corporation, 187 Okla. 206, 102 P. 2d 168, and Burford v. Richards & Conover Hdw. Co., 182 Okla. 402, 77 P. 2d 1145. In Seidenbach's v. Titus Radio Corporation, supra, suit was brought on an open account, duly verified. The answer, duly verified, denied the correctness of the account. The evidence consisted of identification by a bookkeeper of a group of figures. The defendant demurred to the evidence. The plaintiffs moved for a directed verdict. The trial court sustained the motion for directed verdict and this court held that the evidence of the bookkeeper that the figures were correct did not support a judgment. It cited with approval Burford v. Richards & Conover Hdw. Co., supra. Therein a bookkeeper likewise identified a group of figures not otherwise explained. The defendant had denied, under oath, the correctness of the account duly verified. The statement of this court in Burford v. Richards & Conover Hdw. Co., supra, is that a string of figures is not evidence of anything, and the action of the trial court in directing a verdict was reversed.

The case at bar differs in many respects from the above-cited cases. The items of merchandise are identified in the general statement of the account and invoices further identified the items of purchase.

In an action on an account the burden is on the plaintiff to establish each item thereof as to correctness if put in issue by the pleadings. 1 C.J.S. p. 603. Assuming that the defendant raised the issue of correctness of the account by its denial, when the only items of dispute in the total sum of $14.04 were withdrawn, there was no evidence denying the duly itemized merchandise sold by defendant. We have held that where the evidence is undisputed or is so clearly preponderant that it reasonably admits of but one conclusion the proper disposition of the case upon the evidence becomes a question of law to be determined by the court. Rosser v. Texas Company, 173 Okla. 309, 48 P. 2d 327. Therein it was held that it was not error for the court to direct a judgment for the plaintiff. The court in the case at bar did not err in holding that the evidence of the account after the withdrawal of items of $14.04 was not contested.

In a similar contention defendant argues that the trial court erred in allowing the plaintiff to withdraw the items totaling $14.04. We have examined the cases cited by the defendant which it asserts support this allegation of error, and are convinced that they are not in point. Among these are Cain v. King, 66 Okla. 249, 168 P. 799, and Hart Grocery Co. v. Hunt, 175 Okla. 32, 52 P. 2d 66. A cursory examination will disclose the difference in the cases cited and the case at bar. In Cain v. King, supra, the case was reversed because the defendant offered evidence of payment by check of the entire amount due,

which offer was excluded by the trial court. In Hart Grocery v. Hunt, supra, the cause was reversed for the reason that this court held that there was a conflict in the evidence as to whether defendant had made certain purchases after a definite date. We have examined the remaining citations in defendant's brief and are likewise of the opinion that they do not support the alleged error of the trial court in allowing the plaintiff to withdraw these items.

In its fourth proposition defendant argues that the court erred in rendering judgment because there is an unexplained and unidentified item on the ledger sheet purporting to be a balance due. The ledger sheet was introduced to support the items identified by invoices and the items charged disclose without contradiction the balance due included in the judgment after the contested items totaling $14.04 are deducted. There was no prejudicial error in this respect.

There being no competent evidence to dispute the amount due from the defendant to the plaintiffs, the action of the trial court in directing a verdict for the plaintiffs and entering judgment thereon is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. HURST, J., absent.