Julius J. CUDJOE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. PC–73–368.

Court of Criminal Appeals of Oklahoma.

April 10, 1974.

Carl W. Davis, Russell B. Fister, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Oklahoma County, Case No. CRM–73–2328, appellant, Julius J. Cudjoe, hereinafter referred to as defendant was charged, tried and convicted for the offense of Being in Actual Physical Control of a Motor Vehicle while under the Influence of Intoxicants. Punishment was fixed at one (1) year in the Oklahoma County jail. Thereafter, at sentencing, trial court suspended six (6) months of said sentence. Application for post conviction relief was made in the District Court, Oklahoma County and from a denial of post conviction relief, defendant has perfected a timely appeal to this Court.

The evidence adduced at trial reveals that on December 9, 1972, at approximately 12:45 a. m., Trooper Gary Smith with his partner, Trooper Lindley, were patrolling the area of Northeast Twenty-third Street and Eastern. On Twenty-third Street, approximately one hundred yards East of Eastern, Trooper Smith observed a two door blue 1969 Chevrolet stopped in the right hand lane of Twenty-third Street. They stopped behind the vehicle and observed defendant asleep behind the wheel. Defendant had a glass container in his right hand which appeared to contain in-

toxicants. He opened the door, asked defendant to emerge from the vehicle, and defendant replied, "here we go on this again" (TR 7) and reluctantly emerged. The trio walked to the rear of defendant's vehicle, where they conversed. Defendant smelled of intoxicants, his speech was slurred, he was unsteady on his feet and very groggy. Smith placed defendant under arrest for being in actual physical control of a motor vehicle while under the influence of intoxicants, searched defendant and placed him in his squad car. Defendant was advised of his rights, elected the breathalyzer test, was transported to the County Courthouse and the test administered.

Trooper Denny Lindley testified substantially as Smith, adding further that after defendant and Smith walked to the rear of the vehicle, he observed defendant and Smith engage in a scuffle. Further, he noted that he saw Smith and defendant both reaching for defendant's right hand coat pocket at the same time. He went to the aid of Trooper Smith and at the conclusion of this scuffle, a revolver was removed from defendant's right hand coat pocket. Lindley further stated, that after defendant was transported to the breathalyzer room at the Oklahoma County Courthouse, he administered defendant's breathalyzer, blood alcohol content, test. The test results revealed defendant had a .16% blood alcohol content.

Thereafter, the State rested.

Defendant testified on the above mentioned evening, he and a companion, Billy Bennett, were riding together in his car. Bennett stopped at a friend's house, left the vehicle where defendant was arrested, and walked to his friend's residence. Defendant testified he was a passenger, not driving the vehicle on this evening. He further stated that at the time the officers made their investigation he was seated on the passenger's side of the vehicle and the engine in the car was not running. He testified the firearm found in his possession was his wife's gun and she kept it in his car for her protection, as on occasion his work required him to be out of town. Generally, his testimony established that he was not the driver of this vehicle.

On rebuttal, Officer Gary Smith was recalled to testify. His testimony established that at the time of the investigation of this incident, defendant was seated behind the wheel of his car and the engine was running. Further, he gave details of the scuffle and his taking custody of the firearm in defendant's possession. Thereafter, the defense and State rested.

■■■ Defense counsel raises three propositions of error in his petition in error. Those assignments of error are that the Highway Patrol Troopers were acting without authority in effecting an arrest within the corporate city limits of the city of Oklahoma City; that the offense committed was an offense in violation of an Oklahoma City ordinance and not in violation of a State Statute, the District Court of Oklahoma County not having jurisdiction to try the offense; and that the arrest is merely a subterfuge and not a good faith arrest for an offense committed in the officers' presence.

In regard to appellant's first two contentions, we note the case of Miller v. State, Okl.Cr., 508 P.2d 656 (1973), wherein this Court, with identical issues before it, laid these two questions to rest, contrary to appellant's arguments. In that case the Court resolved a highway patrol trooper may effect an arrest on a street within a municipality and the District Court of the county wherein that city is located has jurisdiction to try the offense. We, therefore, find this proposition to be without merit.

In regard to appellant's third contention, the arrest was a subterfuge, we find the record does not support this assignment of error. We also find this proposition to be without merit.

Judgment and sentence is affirmed.

BRETT and BUSSEY, JJ., concur.