**Jimmy Don COLLMER, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. M–75–517.**

Court of Criminal Appeals of Oklahoma.

Dec. 23, 1975.

522

Don Cooke, Miskovsky, Sullivan & Miskovsky, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jahn D. Rohrer, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Jimmy Don Collmer, hereinafter referred to as defendant, was charged with the offense of Unlawful Possession of Marihuana, in violation of 63 O.S.1971, § 2–402, ¶ B 2, in case number CRM–75–46, in the District Court, Kiowa County. The defendant was tried by a

jury and convicted and sentenced to serve a term of thirty (30) days' imprisonment. In the proceedings before trial, defendant's motion to suppress the evidence was denied.

The testimony at the motion to suppress and at trial revealed that on March 16, 1975, at approximately 12:55 a. m., G. W. Jackson, City Marshall of Snyder, Oklahoma, observed a pickup truck parked with the motor running in the United Grocery parking lot. This was a private parking lot; however, as the record shows it was not unusual for vehicles to be parked there overnight, especially by teenagers in the area. Upon close investigation Marshall Jackson observed the defendant slumped over in the pickup seat. He went to a nearby Mobil station and asked the owner to call Kiowa County Deputy Sheriff Ross for assistance. State Highway Patrolman Gary Polm learned of Jackson's call for assistance and appeared at the scene to assist Jackson before Deputy Sheriff Ross arrived.

Marshall Jackson opened the pickup door, shook the defendant and asked him to get out of the pickup. Patrolman Polm testified that when the defendant got out he appeared disheveled, addled and did not seem to be aware of what was going on. Defendant began walking toward Polm who was stationed at the back of the pickup. Polm further testified that he saw something in the defendant's hand but did not know and could not see what it was; that defendant turned away from him and placed his hand in his front pants' pocket. He ordered the defendant to halt, removed the defendant's hand from the pocket, inserted his own hand into the pocket and removed a cellophane bag containing a red and white pill and a white pill. Polm completed a search of the defendant, read him his Miranda rights and placed him under arrest for unlawful possession of the pills.

Deputy Sheriff Ross arrived on the scene at the time the defendant was being searched. After he arrived he looked into the pickup cab, the door being open, and using a flashlight he observed a plastic bag containing a green leafy substance. The bag was located in the corner of the cab between the seat and the doorwell; it was visible with the door open. Ross did not seize the bag at this time.

After the defendant had been taken to the Snyder City Hall Ross asked the defendant what was in the truck and the defendant replied some "pot." Ross asked for consent to search the pickup but defendant refused.

The defendant's pickup was sealed in Snyder, transported to Hobart and there impounded. The next day Ross obtained a search warrant for the pickup. He searched the pickup and seized the bag containing the green leafy substance from the same place he had observed it the night before. He also seized a small amount of green leafy substance which was found in a tool box in the back of the pickup.

The items seized by Ross under the search warrant were submitted to the Oklahoma State Bureau of Investigation in Lawton, Oklahoma. William J. Caveny testified that he was a forensic chemist for the Oklahoma State Bureau of Investigation and that he analyzed the bag finding it to contain marihuana, a controlled substance. The defendant was subsequently arrested for unlawful possession of marihuana for which he was tried, convicted and sentenced.

Defendant's first and second assignments of error essentially concern the same subject matter and will be discussed together. Defendant alleges the trial court erred in overruling his motion to suppress for the reason that the marihuana sought to be suppressed was obtained by an unlawful arrest and subsequent unlawful search and seizure. The defendant contends there is no evidence to show there was probable cause to assume a crime had been committed in the presence of the arresting officers at the time of the investigation and up to and through the time of the search; that the investigation was a subterfuge and that the search of his pocket exceeded a

lawful pat-down search which violated his Fourth Amendment rights of search and seizure.

In view of defendant's contentions it is necessary to closely examine the evidence presented at the motion to suppress and at trial. The evidence shows that prior to the personal search of the defendant the arresting officers observed the defendant slumped over the seat in the pickup. It was approximately 12:55 a. m., the defendant was alone and the motor was running. The arresting officer testified that when the defendant got out of the truck he appeared disheveled, addled and did not seem to be aware of what was going on. His appearance was such that the officer believed him to be under the influence of some drug or alcohol. In *Robedaux v. State*, 94 Okl.Cr. 171, 232 P.2d 642 (1951), this Court stated in the first paragraph of the Syllabus that:

"Where officers observe an unusual appearance in the driver of a motor vehicle, and then, though no traffic law is being violated, observe that the car is being operated in an unorthodox manner, and conclude that defendant is intoxicated, they are justified, and it is their *duty*, to make further investigation." (Emphasis added)

■ At the hearing on the motion to suppress defense counsel asked Patrolman Polm, "[B]ut, at the time that this man was removed from the vehicle by you and Officer Jackson, there was no crime being committed in your presence that you knew of at that time when you drove up on the scene and Officer Jackson was already there, was there?" Patrolman Polm answered, "The young gentleman was in actual physical control of a motor vehicle, apparently under the influence of some type of drug or alcohol." We believe the patrolman was correct in his answer. Consequently, we do not accept defendant's argument that the arrest was merely a subterfuge for the purpose of making a search. See, *Dillon v. City of Tulsa*, Okl. Cr., 273 P.2d 145 (1954).

■■ It is clear that the officers were at a place where they had a right to be at approximately one o'clock in the morning; and they observed a vehicle with the motor running and a man inside either passed out or asleep in the front seat. The officers had not only a right, but also a duty to investigate the scene. Such investigation necessitated the opening of the pickup truck door. Once the door was opened, and when Officer Jackson observed in plain view a substance which he thought to be marihuana, he had a right to seize the substance under the Plain View Doctrine. Instead, Officer Jackson followed the more conservative procedure of impounding the vehicle, sealing it and then seeking issuance of a valid search warrant to search and seize any contraband found in the pickup truck. As the result of a proper search, the marihuana in question was found and properly seized by Officer Jackson. We observe also that the validity of the search warrant is not questioned by defendant in his appeal. We therefore conclude that the search and seizure of the marihuana was proper and that the trial court did not commit error in denying defendant's motion to suppress.

■ Whether or not the search of defendant's person was proper, when the two pills were seized, is not before this Court at this time. Defendant's argument seems to be premised upon the action of Patrolman Polm at that time, but having found that the arrest was proper, and considering that the search and seizure of the marihuana was accomplished under a valid search warrant, we dispose of defendant's contentions by denying his first and second assignments of error.

Defendant's third and final assignment of error alleges that the comments of the prosecuting attorney were prejudicial and intended to influence the jury, thus rendering the defendant unable to receive a fair trial. The defendant contends that the prosecuting attorney's reference on two occasions to the motion in limine granted by the court implied that the defendant was

attempting to hide something from the jury. We find this allegation to be without merit.

First of all, the record shows that no timely objection was made to the alleged improper remarks in the prosecuting attorney's opening statement. Therefore, the issue is raised too late.

The objection to the other alleged improper remark was properly reserved; however, it cannot be considered to fall within the requirements of being flagrant and prejudicial to constitute reversible error. See, *Kern v. State,* Okl.Cr., 522 P.2d 644 (1974). In light of the minimum sentence imposed by the jury, we do not believe the complained of remarks prejudiced the jury or denied the defendant a fair trial.

For the reasons set out above, it is the opinion of this Court that the judgment and sentence appealed from be, and the same is, hereby, *affirmed.*

BUSSEY and BLISS, JJ., concur.