**Don Roger MASON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–79–12.**

Court of Criminal Appeals of Oklahoma.

Dec. 3, 1979.

W. B. Ward, Jr., Asst. Dist. Atty., for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., William Brad Heckenkemper, Legal Intern., for appellee.

## OPINION

CORNISH, Presiding Judge:

Appellant, Don Roger Mason, was convicted of the crime of Actual Physical Control of a Vehicle While Intoxicated, in the District Court of Pontotoc County, Case No. CRF–78–316. Punishment was set at six (6) months in the County jail and a fine of Two Hundred Fifty ($250.00) Dollars. The jail time was suspended except for the first five (5) days.

On May 10, 1978, at approximately 12:30 a. m., Officer Fry of the Ada Police Department discovered the appellant inside his car. The car was idling in a small parking area in front of a business. Officer Fry testified that the doors were shut, the engine was running, and the headlights were on. The appellant was situated with his legs under the steering wheel, close to the pedals, and the upper part of his body on the passenger side of the front seat. He was unconscious and intoxicated.

The first allegation of error is that the evidence presented at trial was insufficient to sustain a verdict of guilty.

Title 47 O.S.1971, § 11–902(a), reads: "It is unlawful and punishable as provided in paragraph (c) of this section for any person who is under the influence of intoxicating liquor to drive, operate, or be

in actual physical control of any motor vehicle within this state."

As the appellant did not have his automobile in motion and was, in fact, unconscious, this case must turn on the meaning imparted to the term "actual physical control."

In *Parker v. State*, Okl.Cr., 424 P.2d 997, 1000 (1967), this Court adopted the definition of "actual physical control," as given by the Montana Supreme Court in *State v. Ruona*, 133 Mont. 243, 321 P.2d 615 (1958):

"'[E]xisting' or 'present bodily restraint, directing influence, domination or regulation' . . . of an automobile, while under the influence of intoxicating liquor . . . .'"[1]

Following *Parker,* we found an individual to be in actual physical control of an automobile when the keys were merely in the ignition and the defendant was unconscious behind the wheel of his parked car. *Hughes v. State*, Okl.Cr., 535 P.2d 1023 (1975). The appellant argues that the *Hughes* decision turns on the degree of difficulty in arousing a suspect. This is a misinterpretation. With the case at hand, as well as *Hughes*, we find the legislative intent in enacting the "actual physical control" portion of 47 O.S.1971, § 11–902, to be the apprehension of the intoxicated driver before he can do any harm.

The case of *Bearden v. State*, Okl.Cr., 430 P.2d 844 (1967), is further relied upon by the appellant for his contention that the unconsciousness of the defendant is the controlling factor. However, the fact that Bearden was not inside his vehicle was the salient factor in deciding that case. See *Harris v. City of Tulsa*, Okl.Cr., 589 P.2d 1082 (1979).

The present case falls neatly into the perimeters established by *Parker* and *Hughes*. The appellant created a highly dangerous situation by placing himself behind the wheel of his car and starting the engine while intoxicated. By starting the engine, he undoubtedly "directed influence"

over the automobile. We cannot allow the appellant to later extricate himself from these self-created dangerous circumstances by being discovered while unconscious. Such a rule would benefit the most blatant violators of the statute, while punishing individuals found in violation of the statute but intoxicated to a lesser extent. The untenable nature of this position is obvious. Accordingly, an intoxicated individual, although unconscious, positioned behind the wheel of a running automobile, is in actual physical control of the automobile.

Second, the appellant contends that the court erred in overruling his motion to suppress the evidence obtained from an allegedly improper arrest. It is a police officer's right and duty to investigate unusual or suspicious circumstances. See *Shetsky v. State*, Okl.Cr., 290 P.2d 149 (1955). More specifically, when an officer discovers an automobile in the early morning with the engine running and a man either passed out or asleep in the front seat, the officer is obligated to investigate. *Collmer v. State*, Okl.Cr., 544 P.2d 521 (1975). Too, this Court has held that where an officer is justified in investigating the circumstances, an arrest is proper when the officer subsequently discovers that the occupants of the car are intoxicated. *Staub v. State*, Okl.Cr., 526 P.2d 1155 (1974). Having established the validity of the arrest, any evidence obtained from a search incident to that arrest is admissible.

There being no error, the judgment and sentence appealed from is *AFFIRMED*.

BRETT, J., concurs.

BUSSEY, J., concurs in results.

---

1. The definition was adopted for use in 47 O.S.1961, § 11–902, ¶ (a), now 47 O.S.1971, § 11–902, ¶ (a).