Joe HEADRICK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–184.

Court of Criminal Appeals of Oklahoma.

Oct. 9, 1981.

Benjamin J. Curtis, Poteau, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Deputy Chief, Crim. Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Joe Headrick, appellant, was convicted of Escape From a Penal Institution, in violation of 21 O.S.1971, § 443, in the District Court of LeFlore County, Case No. CRF–80–164, was sentenced to three and one-half (3½) years' imprisonment, and he appeals.

Testimony admitted at trial, without objection, demonstrated that the appellant was incarcerated at the Ouachita Correctional Center, located near the town of Hodgens, in eastern Oklahoma, under a judgment and sentence for Larceny of an Automobile from Bryan County. Officer Kester stated that it was his duty to supervise inmates in the dorms of the correctional center, and one of the inmates under his supervision on the evening of July 19, 1980, Joe Headrick, the appellant, reported for the 8:30 security count, but failed to report for the 10:30 count. The witness further testified that the inmate did not have permission to be out of the dormitory, and identified him in court as the appellant. Officer Cranfield, the lieutenant of security, testified that no one was authorized to be out of the dorms on the evening in question and that he had initiated a manhunt for the appellant after receiving the report of Officer Kester.

Arkansas Trooper, Cleve Barfield, testified that on July 21, 1980, at approximately 8:30 p.m., he passed a motorcycle as he was traveling west on Interstate 30 between Nevada and Hempstead Counties, in the State of Arkansas. He stated that he had occasion to slow his vehicle, and he noticed that the motorcycle would not pass him and was weaving. He became suspicious and stopped the motorcycle on suspicion of Driving While Intoxicated. He stated that the driver, whom he identified as the appellant, failed to produce a driver's license or proof of ownership of the motorcycle; and, when he ran a computer check, he ascertained that the appellant was a wanted man.

As his first assignment of error, the appellant argues that the verdict of the jury is contrary to the evidence and that there is insufficient competent evidence to sustain the verdict. The thrust of the appellant's argument is that Trooper Barfield did not have probable cause to stop him in Arkansas. The appellant's contention is patently frivolous. From his testimony it is

apparent that the Trooper had good cause to stop the vehicle. In *Mason v. State*, 603 P.2d 1146 (Okl.Cr.1979), this Court held: "It is a police officer's right and duty to investigate unusual circumstances." There is ample evidence in the record to support the verdict of the jury. This assignment of error is without merit.

In his second and final assignment of error, the appellant complains that the oral motion in limine at the beginning of the trial should have been sustained and that evidence of other crimes was admitted by the trial court. However, the appellant failed to object during the trial to any of the testimony of which he now complains, and these alleged errors are not properly preserved for review. In the case of *Teegarden v. State*, 563 P.2d 660 (Okl.Cr.1977), this Court held that a ruling on a motion in limine is merely advisory and not conclusive, and, in order to properly preserve objections to the introduction of evidence which was the subject of a motion in limine, objection must be made at the time evidence is sought to be introduced or else it is waived. This assignment of error is without merit.

The judgment and sentence is accordingly AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.