**Fred WOFFORD, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. M–86–130.

Court of Criminal Appeals of Oklahoma.

July 7, 1987.

As Corrected July 31, 1987.

Ken Chesnutt, Chesnutt & Stow, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. LeBlanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Fred Wofford, was charged, tried, and convicted in the District Court of Cleveland County for the crime of Actual Physical Control of a Motor Vehicle in Case No. CRF–85–1736 and was sentenced to one (1) year imprisonment, with all but thirty (30) days suspended, and a one-hundred dollar ($100) fine, and he appeals.

Briefly stated the pertinent facts are that on July 12, 1985, a lake ranger, who was patrolling the Little River State Park at Lake Thunderbird, observed a vehicle parked in the road at approximately 2:00 a.m. The ranger pulled up beside the vehicle, shined his lights on it and observed two people inside. He then walked over to the pickup and noticed that the two people inside the truck were sleeping. After waking the two occupants, the ranger observed what appeared to be a burned marijuana cigarette in the ash tray. The ranger then requested that appellant, who was sitting in the driver's seat, get out of the truck. While appellant was getting out of the truck the ranger observed the keys in the ignition. As appellant walked to the front of the truck, the lake ranger noticed that appellant's balance was unstable, that he had an ordor of alcohol, and that his speech was slurred. Subsequently, appellant was unable to perform a field sobriety test of standing on one leg. Appellant refused to take a breathalyzer test, and he was arrest-

ed. At that point, the ranger inventoried appellant's pickup and found three (3) cellophane bags of marijuana.

In his sole assignment of error appellant contends that the State presented insufficient evidence to support his conviction for the crime of Actual Physical Control of a Motor Vehicle.

However, we find this Court's holding in *Hughes v. State*, 535 P.2d 1023, 1025 (Okl. Cr.1975) is dispositive of appellant's contention:

> We believe that an intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than where an intoxicated person is actually driving a vehicle, but it does exist. The defendant when arrested may have been exercising no conscious violation with regard to the vehicle, still there is a legitimate inference to be drawn that he placed himself behind the wheel of the vehicle and could have at any time started the automobile and driven away. He therefore had "actual physical control" of the vehicle within the meaning of the statute.

We, therefore, find that there was sufficient evidence to support the conviction. This assignment of error lacks merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.