2013 OK CIV APP 95

**Christian A. PAUL, Plaintiff/Appellant,**

v.

**STATE of Oklahoma EX REL. DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellee.**

**No. 111848.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Sept. 26, 2013.

Jeffrey S. Landgraf, Little Law Firm, PLLC, Madill, Oklahoma, for Plaintiff/Appellant.

Brian K. Morton, Assistant General Counsel, Department of Public Safety, Oklahoma City, Oklahoma, for Defendant/Appellee.

P. THOMAS THORNBRUGH, Presiding Judge.

¶1 Plaintiff Christian Paul appeals an order of the district court affirming the revocation of his driving privileges under Oklahoma's implied consent laws. For the reasons set forth in this opinion, we affirm the trial court's decision sustaining the revocation.

## BACKGROUND

¶2 The underlying facts are not disputed. During the early morning hours of May 12, 2011, Paul was taken into custody by Officer John Miller of the Madill, Oklahoma, police department, at the parking lot of a local Love's Country Store for suspicion of APC. Officers had received a call from a Love's representative stating that there was a vehicle with the engine running in the parking lot, that it had been there for a little while, and that no one had exited the vehicle. The caller requested that the officers come to the location and do a "welfare check." When officers arrived they observed Paul slumped over the steering wheel of a blue Dodge truck. The engine of the vehicle was running. Officer Miller, who was the first to arrive at the scene, knocked on the window several times trying to get Paul's attention. Paul sat up, looked at Miller, and then leaned back over the steering wheel. After several minutes, Paul opened the door, and Miller immediately smelled the odor of an alcoholic beverage coming from inside the vehicle. Officers noticed that Paul had red, watery eyes, seemed confused as to where he was, and had difficulty in complying with the officers' request to see his driver's license. Deputy Michael Henry of the Marshall County Sheriff's Office, who had been called to back Miller, testified that he also smelled the strong odor of an intoxicating beverage; that Paul seemed very disoriented; and that Paul was unable to stand without holding on to the door of the truck.

¶3 Paul testified under oath at the revocation hearing that he was indeed drunk; and that he had spent the night bar hopping and was in no condition to be operating a motor vehicle. Officer Miller operated Paul's vehicle before they left the scene by moving it forwards and backwards.

¶4 Paul was subsequently arrested under suspicion of APC. Officer Miller read Paul the implied consent advisory and asked Paul if he would take the State's test. Paul subsequently refused to take the test and indicated his refusal in writing by signing the Officer's Affidavit and Notice of Revocation/Disqualification.

¶ 5 Paul does not dispute that he was intoxicated while slumped over the steering wheel of a vehicle which was running and capable of being operated at the time of his arrest. His sole issue on appeal is that the State failed to show by competent evidence that he intended to drive the vehicle while he was in a state of intoxication. Paul maintains that his testimony that he only intended to sleep in the vehicle overnight until the next day, when he was sober enough to drive, was sufficient, when viewed with the other evidence, to show that Officer Miller lacked probable cause to arrest him in the first place.

## STANDARD OF REVIEW

¶ 6 "On appeal, we review the district court's order in an implied consent revocation to determine whether it lacks sufficient evidentiary foundation or is erroneous as a matter of law." *Brockman v. State ex rel. Okla. Dep't of Pub. Safety*, 2013 OK CIV APP 48, ¶ 5, 301 P.3d 896, 898. A district court's rulings on disputed issues of fact in an implied consent matter will not be disturbed by this Court "if there is any evidence, or any reasonable inference to be drawn therefrom, which tends to support" the lower court's determination. *Smith v. State ex rel. Dep't of Pub. Safety*, 1984 OK 16, ¶ 7, 680 P.2d 365, 368. Here, however, the essential facts relevant to the decision are not disputed, and this Court is asked to interpret and apply state statutes and regulatory provisions to those facts. Questions of law are presented by issues of statutory interpretation and by the application of law to undisputed facts that reasonably admit of no contrary conclusion. *See Duncan v. Okla. Dep't of Corr.*, 2004 OK 58, ¶ 3, 95 P.3d 1076, 1078 (statutory construction); and *Seidenbach's v. Denney*, 1943 OK 375, 193 Okla. 650, 146 P.2d 105 (court syllabus 2)(undisputed facts). Our review of issues of law is *de novo*, i.e., without deference to the lower court's determination. *Duncan* at ¶ 3, 95 P.3d at 1078.

## ANALYSIS

### THE CRIME OF APC

¶ 7 Paul was arrested for being in actual physical control of a motor vehicle while under the influence of alcohol in violation of 47 O.S.2011 § 754. The Legislature, in making it a crime to be in actual physical control of a motor vehicle while intoxicated, intended to allow a *"drunken driver to be apprehended before he strikes."* *Hughes v. State*, 1975 OK CR 83, ¶ 7, 535 P.2d 1023, 1024 (emphasis added). *Hughes*, which upheld the conviction where the driver was asleep in the front seat of an automobile with his feet on the floorboard underneath the steering wheel in the roadway, elaborated that:

> We believe that an intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than where an intoxicated person is actually driving a vehicle, but it does exist.

*Id.* at ¶ 8.

¶ 8 In *Mason v. State*, 1979 OK CR 132, 603 P.2d 1146, our Court of Criminal Appeals upheld an APC conviction where the appellant was intoxicated and unconscious behind the wheel of his parked car, which was discovered with the headlights on, idling in a small parking lot. The Court noted that the appellant had "created a highly dangerous situation by placing himself behind the wheel of his car and starting the engine while intoxicated." *Id.* at ¶ 8, 603 P.2d at 1148. In rejecting the argument that the occupant of a vehicle cannot, while asleep, exercise control over a vehicle within the meaning of the statute in place at the time, the Court reasoned:

> We cannot allow the appellant to later extricate himself from these self-created dangerous circumstances by being discovered while unconscious. Such a rule would benefit the most blatant violators of the statute, while punishing individuals found in violation of the statute but intoxicated to a lesser extent.

*Id.*

¶ 9 In *State ex rel. Department of Public Safety v. Kelley*, 2007 OK CIV APP 99, 172 P.3d 231, which is relied upon by Paul as authority for his proposition that the police lacked probable cause to arrest him where it was not shown that he intended to

drive, the Court set forth a comprehensive review of the published case law addressing this issue. The Court noted that APC determinations must be made on a case-by-case basis. Intoxicated occupants of motor vehicles do not have to be awake or conscious to be APC if they are found behind the wheel with the keys in the ignition, whether or not the engine is running. *Id.* at ¶ 12, 172 P.3d at 235. A defendant located in the driver's seat of the vehicle, and in a position to operate the vehicle upon waking or regaining consciousness, may be found to be in APC even though intent was temporarily lacking because the driver happened to be asleep or unconscious. *See Wofford v. State,* 1987 OK CR 148, 739 P.2d 543; *Mason v. State,* 1979 OK CR 132, 603 P.2d 1146; *Hughes v. State,* 1975 OK CR 83, 535 P.2d 1023; *Cudjoe v. State,* 1974 OK CR 75, 521 P.2d 409.

*PROBABLE CAUSE*

■ ¶ 10 In this case the proper focus of the scope of the revocation hearing was not whether Paul was guilty in fact of the crime of APC but whether the arresting officers "had reasonable grounds" to believe that Paul was a person who "was in actual physical control of a vehicle upon the public roads ... or other public place in this state while under the influence of alcohol...."[1] 47 O.S. 2011 § 754(F). Probable cause for an arrest exists if the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person in believing an offense had been or was being committed. *Kelley* at ¶ 6, 172 P.3d at 233.

¶ 11 The totality of the circumstances, together with the uncontroverted facts of this case, show beyond any doubt that the actions of Police Officer Miller and Deputy Sheriff Henry were reasonable. They not only had a right to investigate the circumstances of Paul's running vehicle in the store parking lot in the early morning hours they had a duty to do so to determine his well being. The uncontroverted specific and well articulated testimony of the two officers, together with Paul's own admission through testimony that he was in fact intoxicated, support the Court's conclusion that the two officers had reasonable grounds to believe Paul was APC as defined by the statute at the time of his arrest.

¶ 12 Since no other issue is presented by this appeal the judgment of the trial court sustaining the revocation is affirmed.

## CONCLUSION

¶ 13 The undisputed evidence shows that the arresting officer had reasonable grounds to believe that Paul was in the actual physical control of a motor vehicle while intoxicated at the time of his arrest. The totality of circumstances do not support Paul's claim that the State had the additional burden of showing that he actually intended to drive the vehicle while in his intoxicated state.

¶ 14 **AFFIRMED.**

GOODMAN, J., and RAPP, J., concur.

---

1. The scope of a DPS license revocation hearing includes "the issues of whether the officer had reasonable grounds to believe the person had been operating or was in actual physical control of a vehicle upon the public roads ... or other public place of this state while under the influence of alcohol ... and whether the person was placed under arrest." *Brockman* at ¶ 4, 301 P.3d at 898 (internal quotation marks omitted).