509 P.2d 322 (1973)
GIFFORD-HILL & COMPANY, INC., Plaintiff-Appellee,
v.
M. Donald WAGNER, Defendant-Appellant.
No. 72-192.
Colorado Court of Appeals, Div. II.
April 17, 1973.
*323 Ireland, Stapleton, Pryor & Holmes, P. C., William G. Imig, Denver, for plaintiff-appellee.
Alfred A. Johnson, Fort Collins, for defendant-appellant.
Selected for Official Publication.
DWYER, Judge.
Plaintiff's complaint for recovery of money alleged to be due from defendant stated a claim on an account and, alternatively, a claim for goods sold and delivered. Defendant's answer contained a denial of the allegations of the complaint, an affirmative defense that plaintiff had breached the contract of sale on which plaintiff's claim was based, and a counterclaim for damages for the alleged breach.
At the trial, the only evidence presented by plaintiff was the book account upon which its action was founded. The account showed that defendant was indebted to plaintiff in the amount alleged in the complaint. After the account was received in evidence without objection by defendant, the plaintiff rested its case. Defendant moved for dismissal of the action and, when the motion was denied, rested without presenting any evidence. The court found for plaintiff and entered judgment in its favor for $2,238, interest and costs. Defendant's counterclaim was dismissed.
On appeal defendant asserts, as he did in the trial court, that plaintiff's evidence was insufficient to establish plaintiff's claim. It is undisputed that plaintiff laid a proper foundation for admission of the book account under C.R.S. 1963, 154-1-3. Defendant did not object to the admission of the account. Defendant argues that the account is evidence of the amount of the debt only and that it does not establish that the debt itself was owed or that the debt was contracted by the defendant. This argument is rejected. C.R.S. 1963, 154-1-3, provides that a book account identified in accordance with the statute "shall be admitted as prima facie evidence in the case upon the matters as shown by said account book." Based upon this statute, our Supreme Court has ruled that a prima facie case in an action on a book account is established by the account which, when properly admitted, is legitimate prima facie evidence of the sale and delivery of the merchandise to the defendant in the usual course of business. White v. Hurlbut Grocery Co., 62 Colo. 483, 162 P. 1143.
Plaintiff's book account was properly identified and was admitted without objection. This established a prima facie case which was not controverted by defendant. Plaintiff's evidence supports the findings and judgment of the court.
Judgment affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.