Argued July 9, affirmed September 10, petition for
rehearing denied October 9, 1973

# GARDNER AND BEEDON COMPANY OF SPRINGFIELD, *Respondent, v.* COOKE, *Appellant.*

513 P2d 758

8

*Robert W. Hill,* Eugene, argued the cause for appellant. With him on the briefs were Hill & Schultz, Eugene.

*Fredrick Siegrist,* Springfield, argued the cause for respondent. With him on the brief were Sanders, Lively & Wiswall, Springfield.

HOLMAN, J.

Plaintiff, an electrical equipment wholesaler, brought an action upon several open accounts against defendant, a contractor. Defendant appeals from a judgment for plaintiff, on all accounts except two, pursuant to a trial by the court without a jury.

Defendant offered no evidence and the issues involved must be decided on the testimony of plaintiff's manager, who was plaintiff's only witness. He testified to the establishment of an open account with defendant which had existed over many years and which continued to the termination of the parties' business relationship. He also testified to the subsequent establishment of other separate accounts, simultaneously in existence, and identified plaintiff's ledger cards upon which defendant's accounts were kept. The ledger cards, which were received in evi-

dence, showed the date of the purchase, the invoice number, the amount of the invoice, the payments and credits, and the current state of the account at the end of each day that a purchase or payment was made or a credit given. The credits, as differentiated from payments, were entered on the ledger cards in red. The testimony was that ledger card entries were made simultaneously with the billing invoices by a business machine and thereafter the invoices were mailed to the customer. Neither the invoices nor any copies were introduced in evidence and therefore there was no evidence as to the specific items which were represented by each entry in the account.

Plaintiff's manager testified that all the material represented by the entries upon the ledger cards had been delivered to defendant, that the prices charged were reasonable, and that credit had been given for all items returned. He also testified that the complete operation of all aspects of plaintiff's business was under his direct supervision and control.

■■ Defendant contends that plaintiff's proof is inadequate because, in the absence of the introduction of any invoices, there is no evidence of the charges for the individual items which were sold. In an action on an open account, not being an action on an account stated, some testimony is required showing the account's correctness in addition to the final amount. The question here is whether plaintiff's actual ledger account showing the debits and credits together with the testimony of plaintiff's manager is sufficient to make a *prima facie* case upon an open account. The following is a statement in 1 Am Jur 2d 391-92, Accounts and Accounting § 19:

"* * * [I]n an action on an open account the

account is not self-proving. Some testimony is required tending to prove its correctness and the fact that it is due and owing to the plaintiff before he has a right to recovery. Under the general issue or a general denial the plaintiff has the burden of proving his claim. In a suit upon an unsettled account the proof must go to the separate items of the account, and evidence tending to show that defendant was indebted to plaintiff in some amount is not such proof as is required to entitle plaintiff to a verdict. However, this does not mean that in order to support a suit on an open account each individual item must be specifically proved. * * *." (Footnotes omitted.)

It is our conclusion that plaintiff's actual ledger cards showing each entry of debit and credit, the testimony of plaintiff's manager showing the simultaneous business machine posting and invoice billing of the customer, his testimony concerning the correctness of the entries, and his testimony that all materials represented by the entries had been delivered to defendant constitute sufficient evidence to make a *prima facie* case. *See Benoliel v. Homoc*, 87 NJL 375, 94 A 605, 606 (1915); *contra, Burford v. Richards & Conover Hardware Co.*, 182 Okla 402, 77 P2d 1145, 1146-147 (1938). From an affidavit filed upon behalf of defendant in support of a motion, it is clear that defendant has possession of plaintiff's invoice billings.

■ Defendant argues that there is no evidence of delivery because, although plaintiff's manager testified generally that the goods represented by the entries were delivered, he was unable to testify to actual knowledge of the delivery of each item, not having made the actual deliveries himself. We believe his over-all supervision of the business and his knowledge of the way its routine worked were sufficient to

allow him to give competent testimony concerning delivery. Any other kind of testimony regarding deliveries in a business of such consequence would be an impossibility. The following statement is found in *Horton v. Haralson,* 130 La 100, 57 So 643, 644 (1912):

"Another objection of defendants was that some of the accounts were not sustained by sufficient proof.

"They were proved up in the usual manner, and witnesses, doubtless, refreshed their memories from the books, and the general trend of the business, and showed that the goods had been sold and delivered. It was not necessary to prove the actual delivery of each item of the different accounts as that is impossible. The sales were proven and everything combined in showing delivery. The testimony made out at least prima facie proof, and it was then for the defendants to prove wherein the testimony was not sufficient for the purpose offered."

■ Defendant puts principal emphasis for the success of his appeal upon his contention that the statute of frauds, ORS 72.2010, applies to all sales of goods amounting to more than $500 as shown by the account. ORS 72.2010 is as follows:

"Formal requirements: statute of frauds. (1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

"* * * * *

"(3) A contract which does not satisfy the requirements of subsection (1) of this section but which is valid in other respects is enforceable:

"* * * * *.

"(c) With respect to goods for which payment has been made and accepted or which have been *received and accepted* in accordance with ORS 72.6060." (Emphasis ours.)

ORS 72.6060 contains the following provision concerning what constitutes the acceptance of goods:

"What constitutes acceptance of goods. (1) Acceptance of goods occurs when the buyer:

"* * * * *.

"(b) Fails to make an effective rejection as provided in subsection (1) of ORS 72.6020, but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; * * *."

Effective rejection as provided by ORS 72.6020 (1) is as follows:

"Manner and effect of rightful rejection. (1) Rejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller."

In this case, we have the uncontroverted testimony of the delivery of all the goods represented by the unpaid balance of the accounts. The last purchase of goods as demonstrated by the accounts was on November 25, 1971. This action was commenced on December 16, 1971. The difference between the two dates, being more than 20 days, represents, in our opinion, a reasonable time within which any inspection and rejection should have been made of goods of the type involved here. There is no evidence of any rejection. The sales of goods represented by the account were taken out of the statute of frauds by the receipt and acceptance of

the goods by defendant in conformance with ORS 72.2010 (3)(c). *Associated Hardware Supply Co. v. Big Wheel Distrib. Co.*, 355 F2d 114, 17 ALR3d 998 (3d Cir 1966).

The judgment of the trial court is affirmed.