D & K DISTRIBUTORS, INC., A MONTANA CORP., PLAINTIFF AND
RESPONDENT, *v.* LARRY E. FORD D/B/A/ SNOOPY'S DIESEL
REPAIR, A/K/A/ SNOOPY'S DIESEL SERVICE, DEFENDANT AND
APPELLANT.

No. 79-97.
Submitted on Briefs June 25, 1980.
Decided Sept. 24, 1980.
616 P.2d 1097.

Peter M. Kirwan, Bozeman, for appellant.

A.E. Anderson, Fort Benton, for respondent.

MR. JUSTICE SHEA delivered the opinion of the Court.

Defendant Larry E. Ford appeals from a judgment of the Toole County District Court determining that Ford owed plaintiff D & K Distributors, Inc. for goods sold and delivered. Defendant also appeals from the trial court's dismissal of his counterclaim against defendant for breach of warranty. We affirm.

Defendant contends, in essence, that he did not receive ten tires and eight tubes, and thus was not liable for the price of those items. He also contends that the tires he had purchased were defective. The trial court ruled that the defendant did not present sufficient evidence to establish his counterclaim. It also went beyond this and made several rulings with relation to the requirements for setting forth a counterclaim for breach of warranty. Although we conclude that several of the trial court's rulings were in error in relation to the warranties, the defendant nonetheless has no right to recover on his counterclaim because he did not prove a prima facie case.

The plaintiff (hereafter seller) owns and operates a retail sales business. The defendant (hereafter buyer) owns and operates an interstate trucking business. Over a period of eight months, beginning in December 1977, the buyer made a series of credit purchases on open account. There was a total of nineteen purchases, including tire tubes, miscellaneous supplies, and about eighty tires.

In August or September 1978, the buyer started complaining to the seller that some of the tires were defective. Specifically, he claimed that they were "cuffing", wearing excessively, and blowing out. He complained that he lost business as a result, and refused

to make payment on his account until these defects were corrected. The seller made some effort to remedy the situation by giving the buyer a $640 credit on his account for four tires. There was also an offer to recap sixteen of the tires at no cost to the buyer. Apparently, the buyer never brought these tires to the seller to be recapped.

As a result of the buyer's refusal to pay for the purchases, the seller brought this action to recover the purchase price of the goods sold. With relation to two purchases on open account, the buyer denied he had ever purchased ten tires and eight tire tubes. He further counterclaimed that the seller had breached the warranties and sought consequential damages for business lost due to the defective tires.

The trial court found in favor of the seller, and entered judgment in favor of the seller for $15,306.27, the full purchase price. The trial court did find, however, that the seller was to honor the previous promise to recap sixteen of the tires at no cost to the buyer. The trial court denied the buyer's counterclaims for breach of warranty. From this judgment, the buyer appeals.

The first claim of the buyer is that the seller did not prove the transactions with relation to two purchases involving ten tires and eight tire tubes. The basis of his claim is that the seller failed to prove a prima facie open account debt. But that is not the case. An open account between the seller and buyer can be proved by evidence that the seller's records show that the goods were sold, that invoices had been sent to the buyer, that the seller's records are accurate, and that the buyer failed to object to the invoices. *Gardener and Bedon Co. of Springfield v. Cooke* (1973), 267 Or. 7, 513 P.2d 758; *Gifford-Hill & Company, Inc. v. Wagner* (1973), 32 Colo.App. 220, 509 P.2d 322. The seller presented such evidence in this case. The buyer, on the other hand, rebutted this evidence by his own testimony, but his testimony was indefinite. Furthermore, it was within the province of the trial court to believe the seller on this question. The seller is thus entitled to payment for the ten tires and eight tubes.

The next questions concern the buyer's contention that the trial court improperly disallowed his counterclaims against the seller for breach of warranties and consequential damages in the form of lost business. The trial court entered several rulings in this regard, several of which were erroneous. We do not determine them to be prejudicial, necessitating reversal. The trial court determined that there was insufficient evidence to establish the seller's counterclaim. Before the trial court's rulings here became important, it was necessary for the buyer to first prove a breach of warranty. He did not do so. Only the buyer testified in support of his allegations of breach of warranty. He produced no solid evidence to support his claim of defective tires — for example, he did not produce any tires, nor did he produce recoreds showing the amount of use of the tires or maintenance records. The trial court found that the excessive wear complained of by the buyer could have been caused by underinflation, overloading, having the tires out of balance or the vehicles out of alignment. The record is sufficient to support the trial court's decision that the buyer's evidence is insufficient to prove a breach of warranty.

Accordingly, the judgment of the District Court is affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEEHY concur.