ELLEN ROSA GEIS, APPELLEE, V. ALBERT J. GEIS: GEORGE J. GEIS, INTERVENER, APPELLANT.

FILED OCTOBER 11, 1933. No. 28597.

*Thomas & Vail*, for appellant.

*Norval Brothers, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

EBERLY, J.

The plaintiff, Ellen Rosa Geis, in September, 1930, instituted an action in the district court for Seward county against Albert J. Geis, a nonresident of the state of Nebraska, based upon a money judgment rendered against the latter in the state of Colorado. On the sole basis of the defendant's nonresidence, an attachment was issued in the cause and levied on certain real estate in Seward county "as the property of the said defendant Albert J. Geis," who was thereafter served by publication of notice as provided by statute.

In October, 1930, George J. Geis, as intervener, filed a petition alleging in part that he was the owner of the attached lands; that the defendant Albert J. Geis had no interest or title therein; and that the attachment proceedings cast a cloud on intervener's title. Intervener prayed that the cloud created by the attachment proceedings be removed; that his title to the attached lands be quieted and confirmed; and that the attachment be dissolved and plaintiff be enjoined from prosecuting her action against the real estate involved.

To the petition of intervention the plaintiff filed a motion to strike from the files, for the reason, in substance, that under the facts of the record it was a proceeding wholly unauthorized in law. This motion the district court sustained, and the intervener refusing to plead

further, the trial court dismissed the intervener's action. Intervener appeals.

Intervention was unknown at common law, and is a creature of statute. In this state sections 20-328, 20-329, 20-330, Comp. St. 1929, create and regulate the exercise of this right. These provisions are to be liberally construed. But they must be substantially followed and the applicant intervening must bring himself within their provisions, otherwise he is a mere interloper. *Parker v. City of Grand Island,* 115 Neb. 892; *State v. Hall, ante,* p. 236.

In the case of *Kimbro v. Clark,* 17 Neb. 403, which was determined prior to the enactment of the present controlling statute, Reese, J., in delivering the opinion of the court in this case, quoted and construed section 478 of the Nebraska Code of Civil Procedure, now section 20-324, Comp. St. 1929, and held, in the absence of statute expressly authorizing, that "new parties to an action by way of intervention are permitted only where the intervener claims some interest in the subject of the action. In an ordinary action on a promissory note, and in which action an order of attachment has been issued and levied upon real estate the title to which is held by a third party, the question of the ownership of the real estate cannot be adjudicated by the intervention of the holder of the title, that question not being involved in any degree in the action." Accordingly intervention was denied.

However, in 1887 an act entitled "An act to amend title three (3) of the Code of Civil Procedure * * * entitled 'Parties to civil actions,' and to provide for the intervention of *third parties claiming an interest in the event of any suit pending or to be brought* in any of the courts of the state of Nebraska," was enacted as chapter 100 of the session laws of that year. The appellant relies on the second section of this act, now section 20-328, Comp. St. 1929, to sustain his contentions. It provides:

"Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to

an action, or against both, in any action pending or to be brought in any of the courts of the state of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences."

Appellant contends that, according to the decided weight of authority in jurisdictions other than Nebraska, a third person whose property has been wrongfully attached in a civil action against another as the property of the latter has such an interest in the subject-matter of the proceeding as entitles him to intervene for the purpose of establishing his right and removing the cloud cast on his property by the attachment. He also contends that the statutory provisions quoted above were first enacted by the state of Louisiana; that from this source it was reenacted by the state of California and carried into the laws of many of the western states, including our own; that prior to the enactment of this law by our legislature it had received, both in Louisiana and in other states, a construction by their courts in harmony with the claims of appellant in the present case. See *New Orleans Canal & Banking Co. v. Beard*, 16 La. Ann. 345, 79 Am. Dec. 582; *Speyer v. Ihmels*, 21 Cal. 280, 81 Am. Dec. 157; *Potlatch Lumber Co. v. Runkel*, 16 Idaho, 192, 23 L. R. A. n. s. 536.

Frankly conceding the force and cogency of the arguments advanced, were this a case of first impression in this jurisdiction, we are unable to accept them in view of the situation now prevailing. The words of the title of our intervention statute constituting for the purpose of construction a part thereof, at least for the purpose of determining its scope, suggest, if they do not import, a limitation of the scope of its relief to the "parties claiming an interest in the event of any suit." For, any pro-

vision in a legislative bill which is not clearly expressed in its title cannot be enacted into law. *Union P. R. Co. v. Sprague,* 69 Neb. 48; *Haverly v. State,* 63 Neb. 83.

So, too, the term "event of any suit" must be taken to mean the "legal event" of any suit. *Ward v. Mallinder,* 5 East (Eng.) 489; *Swinglehurst v. Altham,* 3 T. R. (Eng.) 138, 140.

The word "event" in similar connections has been defined as "the consequence of any thing, the issue, conclusion, end, that in which an action, operation or series of operations terminates." *Fitch v. Bates,* 11 Barb. (N. Y.) 471, 473.

The construction of our legislative act thus limited by its title would support the view that "the event," in the instant litigation, in which the "claiming of an interest" qualifies a party to intervene in a pending proceeding is the judgment ultimately to be rendered in the litigation. In the instant case the ultimate judgment to be entered, determined by the issues tendered in the petition of plaintiff, will be binding upon Ella Rosa Geis and Albert J. Geis and those in privity with them only. Intervener, not being a party or in privity with either, and not in any manner interested in the issues tendered by this petition, will not be bound by, nor does he possess any possible interest in, this ultimate judgment to be finally entered between the original parties. In other words, he may not be regarded as "claiming an interest in the event of the suit," and therefore is not authorized to intervene therein under the terms of the enabling act. True, the words just considered are found in the title of the act and do not appear in the body of the same. But acts of the legislature must be construed with reference to, and their scope may not be extended beyond, the limitations of their constitutional title. Indeed, the inference here suggested is quite in harmony with the course of judicial decisions in this jurisdiction since the enactment of the statute here under consideration in 1887.

In the case of *Haines & Co. v. Stewart*, 3 Neb. (Unof.) 216, the facts involved were quite similar to the instant case, and this court announced the following as the approved principle of law:

"The mere fact that a party claims to be the owner of attached property, does not give him the right to intervene in the attachment, and thus have the question of his ownership determined in the attachment suit."

And then again, in the case of *Mahoney v. Salisbury*, 83 Neb. 488, where another phase of the question here controlling ·was before this court, the rule was declared to be:

"The question of the ownership of real estate cannot be adjudicated on a motion to dissolve an attachment. The issue of fact in such a proceeding is not whether the attachment debtor owns the property, nor whether his grantee has an unimpeachable title or interest therein." See, also, *Danker v. Jacobs*, 79 Neb. 435.

After a careful reading of the case of *Deere, Wells & Co. v. Eagle Mfg. Co.*, 49 Neb. 385, cited by appellant, we have come to the conclusion that this case does not in truth support his contentions. The report discloses that both of the parties to that action were attaching creditors of the same debtor. Section 232 of the then Civil Code, now section 20-1037, Comp. St. 1929, was as follows: "Where several attachments are executed on the same property, * * * the court, on the motion of any of the plaintiffs, may order a reference to ascertain and report the ·amounts and priorities of the several attachments." Deere, Wells & Company thereupon filed a petition of intervention and sought to attack the validity of the attachment of the Eagle Manufacturing Company. This intervention was sustained only to the extent authorized by the statute last quoted. The controlling rule approved by this court was: "Writs of attachment having been levied in different actions on the same property, the plaintiff in the later case may intervene in the earlier case on proper showing, not to defend the principal action or to

move to discharge the attachment, but to have the relative priority of the levies adjudicated."

It follows that the intervention of appellant in the instant proceeding was unauthorized by statute, and the action of the trial court in sustaining the motion to strike his petition from the files was correct, and is

AFFIRMED.