**Charles HUGHES, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. M–75–174.**

Court of Criminal Appeals of Oklahoma.

May 13, 1975.

Rehearing Denied June 5, 1975.

John T. Lawson, Tahlequah, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Charles Hughes, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Cherokee County, Case No. CRM–73–389, for the crime of Actual Physical Control of a Motor Vehicle While Under the Influence of Intoxicating Liquor (47 O.S. § 11–902). His punishment was fixed at a term of thirty (30) days in the County jail and a fine of One Hundred ($100.00) dollars. From said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the facts are that on September 3, 1973, at approximately 9:00 p. m., Don Fields, a trooper for the Oklahoma Highway Patrol, was called to investigate an improperly parked vehicle in the Sharon Hills Addition of Cherokee County. Upon arriving at the scene, he observed a 1972 Buick, white over gold, sitting at a 90 degree angle on the roadway. He observed two people in the automobile. The defendant was situated in the front seat with his feet on the front floorboard underneath the steering wheel and his head was down leaning towards the passenger side of the automobile. Trooper Fields

**1024** ■■■■■■■■■■■■■

gained entry to the vehicle by arousing the defendant's son who was asleep in the back seat. The ignition key was in the ignition. After arousing the defendant, Trooper Fields observed that the defendant was unstable on his feet, his speech was slurred, his eyes were bloodshot, and he smelled "very strong of alcoholic beverage." In Trooper Fields' opinion the defendant was very intoxicated.

The defendant did not take the stand nor offer any evidence in his behalf.

Defendant's sole assignment of error asserts that the evidence presented in this case was wholly insufficient to support a conviction of the crime of Actual Physical Control of a Motor Vehicle While Under the Influence of Intoxicating Liquor.

In the case of Parker v. State, Okl.Cr., 424 P.2d 997 (1967), this Court held in Syllabi two and three:

"2. Actual physical control, as used in Title 47 O.S.A. § 11–902(a), means: existing or present bodily restraint, directing influence, domination or regulation of any automobile, while under the influence of intoxicating liquor.

"3. If a person has existing or present bodily restraining, directing influence, domination or regulation of an automobile, while under the influence of intoxicating liquor, he commits an offense within the provisions of the statute."

In the case of State v. Wilgus, Ohio Com.Pl., 17 Ohio Supp. 34 (1954), in which the Ohio Supreme Court was construing a statute similar to the instant statute, that court held that the statute defined two distinct offenses, "operating a vehicle," and "being in actual physical control of a vehicle" while intoxicated. The court further held that the control contemplated meant more than the "ability to stop an automobile," but meant the "ability to keep from starting," "to hold in subjection," "to exercise directing influence over," and "the authority to manage."

■ It is our opinion that the legislature, in making it a crime to be in "actual physical control of a motor vehicle while under the influence of intoxicating liquor," intended to enable the drunken driver to be apprehended before he strikes. As was stated in the case of State v. Harold, 74 Ariz. 210, 246 P.2d 178 (1952):

" . . . It appears to us to be even more important for the legislature to prevent operators of cars who are under the influence of intoxicating liquors or who are at the time driving recklessly and in wilful and wanton disregard for the safety of persons or property, from entering upon the highways and into the stream of traffic than to permit them to enter thereon and after a tragic accident has happened to punish them for maiming or causing the death of those who are lawfully in the use of such highways. . . ."

■ We believe that an intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than where an intoxicated person is actually driving a vehicle, but it does exist. The defendant when arrested may have been exercising no conscious violation with regard to the vehicle, still there is a legitimate inference to be drawn that he placed himself behind the wheel of the vehicle and could have at any time started the automobile and driven away. He therefore had "actual physical control" of the vehicle within the meaning of the statute. We, therefore, find there was sufficient competent evidence to support the verdict.

Finding no error sufficient to warrant modification or reversal, it is our opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J. and BLISS, J., concur.