MOORE, Judge.
In a petition for writ of common law certiorari the State of Florida asks us to quash an order of the circuit court acting in its appellate capacity. In the order the circuit court dismissed the State’s appeal from a county court order dismissing an information and remanded the cause to the county court with directions to discharge the respondent pursuant to the speedy trial rule, Fla.R.Crim.P. 3.191(a).
The respondent was charged by information with unlawfully exposing or exhibiting his sexual organs in a public place contrary to Section 800.03, Florida Statutes (1979). *997 On November 26, 1980, the county court granted respondent’s motion to dismiss the information and the State immediately filed its notice of appeal to the circuit court. Although the State also filed a motion for extension of speedy trial time pending appeal, the trial court did not deny the motion for extension until after the 90 day speedy trial time for misdemeanors had expired. Contending that he was entitled to a discharge because the speedy trial time had expired, the respondent moved to dismiss the appeal as moot, or in the alternative, moved for discharge. The appellate court granted the motion to dismiss the appeal and directed the trial court to discharge the respondent.
In exercising our common law cer-tiorari jurisdiction to review decisions of the circuit court acting in its appellate capacity, our review is limited to a determination of whether the circuit court followed procedural due process and observed the essential requirements of law. Campbell v. Vetter, 392 So.2d 6 (Fla. 4th DCA 1980). We find that the circuit court, acting in its appellate capacity, departed from the essential requirements of law.
Although an order granting a motion to discharge is appealable an appellate court has no jurisdiction to entertain a motion for discharge. A trial court has the initial responsibility for determining whether a defendant should be discharged pursuant to the speedy trial rule. See, State v. Jenkins, 389 So.2d 971 (Fla.1980). The nature of appellate proceedings dictates that a trial court consider and rule on a motion for discharge before an appellate court can review the issue. The circuit court, therefore, improperly considered respondent’s motion for discharge.
Since the respondent had not been discharged by the trial court, the State’s appeal of the dismissal of the information was not moot. Therefore, the procedure followed by the circuit court departed from the essential requirements of law by depriving the State of its right to appeal the county court’s order dismissing the information.
We do not rule on the propriety of the denial of the extension of speedy trial time. Such a determination can be made if and when the defendant is discharged.
The petition for writ of certiorari is granted and the order of the circuit court dismissing the State’s appeal is quashed with directions to reinstate the appeal.
HERSEY and HURLEY, JJ., concur.