457 So.2d 1070 (1984)
Eurich Zwingli GRIFFIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 84-837.
District Court of Appeal of Florida, Second District.
July 18, 1984.
Rehearing Denied September 19, 1984.
*1071 A. Broaddus Livingston, John W. Boult and Eurich Z. Griffin of Carlton, Fields, Ward, Emmanual, Smith & Cutler, P.A., Tampa, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Petitioner seeks a writ of certiorari to review the circuit court's affirmance of the county court's conviction and sentencing of petitioner for being in actual, physical control of a motor vehicle while under the influence of alcohol, a violation of section 316.193(1)(a), Florida Statutes (1982). The county court revoked petitioner's driver's license for six months pursuant to section 322.28, Florida Statutes (1982). We deny the petition.
The evidence established that at approximately 2:30 a.m., a police officer found petitioner in the driver's seat of a car which was stationary in a traffic lane facing in a direction opposite to that in which traffic was to flow. The engine was stopped, the key was in the ignition, the lights were on, and the footbrake apparently was depressed by petitioner's foot, as indicated by the illumination of the rear brake light on the car. Petitioner was, or appeared to be, asleep. The brake light went off when the petitioner got out of the car after the arresting officer shook him to awaken him. Petitioner does not take issue with the sufficiency of the evidence on the basis of which the jury found him to be under the influence of alcohol. The issues presented to us principally involve the definition of "in actual, physical control" under section 316.193(1)(a), whether petitioner was in actual, physical control of the car, and, if so, whether his license was properly revoked under section 322.28.
We do not find merit in petitioner's argument that the trial court incorrectly instructed the jury on the definition of "actual, physical control." The instruction was the same as that found in Florida Standard Jury Instructions in Misdemeanor Cases (1981 ed.) which were approved by the Florida Supreme Court as guidance for trial courts. In re Florida Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981).
We do not find merit in petitioner's arguments concerning error in the failure of the county court to declare a mistrial.
Also, we find no error in the denial of petitioner's motions for judgment of acquittal and for a new trial. We disagree with petitioner's argument that he was not in actual physical control of the car. Apparently the brake light, which was illuminated when the officer approached the car, went off when petitioner got out of the car. That is circumstantial evidence that petitioner was, in fact, exercising control over the vehicle. Furthermore, even without the evidence as to the brake light, there was circumstantial evidence that petitioner had operated the vehicle on the public street. See State v. Eckert, 186 Neb. 134, 181 N.W.2d 264, 268 (1970). In addition, the reasoning of the factually similar case of Hughes v. State, 535 P.2d 1023 (Okla. Crim. App. 1975), is persuasive. In Hughes, defendant was found sitting in the driver's seat of an automobile which was parked at a ninety-degree angle in the road. Although the engine was not running, the *1072 key was in the ignition. The Oklahoma Appellate Court used a definition of "actual physical control" as encompassing control which "meant the `ability to keep from starting,' ... `to exercise directing influence over,' and `the authority to manage'." Id. at 1024. This is similar to the foregoing Florida Standard Jury Instruction saying that "[d]efendant must have had the capability and power to dominate, direct or regulate the vehicle, regardless of whether or not he is exercising that capability or power at the time of the alleged offense." The following statement of the Oklahoma court reflects our conclusions:
We believe that an intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than where an intoxicated person is actually driving the vehicle, but it does exist. The defendant when arrested may have been exercising no conscious violation with regard to the vehicle, still there is a legitimate inference to be drawn that he placed himself behind the wheel of the vehicle and could have at any time started the automobile and driven away. He therefore had "actual physical control" of the vehicle within the meaning of the statute.
Id.
We believe the intent of the Florida legislature was similar to that which the Hughes court attributed to the Oklahoma legislature, to wit:
that the legislature, in making it a crime to be in "actual physical control of a motor vehicle while under the influence of intoxicating liquor," intended to enable the drunken driver to be apprehended before he strikes.
Id.
Petitioner argues that affirmance of his conviction might discourage inebriated drivers from pulling over to "sleep it off." We, of course, agree that such conduct should be encouraged. However, petitioner was found in his car in the middle of the road, and, as the Minnesota Supreme Court said in State v. Juncewski, 308 N.W.2d 316, 320 (Minn. 1981) (quoting State v. Ghylin, 250 N.W.2d 252 (N.D. 1977), "the real purpose of the statute is to deter individuals who have been drinking intoxicating liquor from getting into their vehicles, except as passengers." See State v. Schuler, 243 N.W.2d 367 (N.D. 1976).
Finally, we conclude that petitioner's sentence which in part revoked petitioner's driver's license for six months was correct. Section 322.28 provides that revocation of a driver's license is a penalty for the offense of driving a motor vehicle while under the influence of alcoholic beverages. Section 316.193 defines that offense as including being in the actual physical control of a motor vehicle while under the influence of alcoholic beverages when affected to the extent that one's normal faculties are impaired.
We find no error, certainly no error constituting a miscarriage of justice, and therefore deny the petition. See Combs v. State, 436 So.2d 93 (Fla. 1983).
BOARDMAN, A.C.J., and DANAHY and LEHAN, JJ., concur.