## STATE OF FLORIDA v BALTRUS

### Case No. 88-22AC (County Court Case No. 87-29568MM10)

Seventeenth Judicial Circuit, Broward County
February 8, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for appellant.

**H. Scott Hecker,** for appellee.

### OPINION OF THE COURT

LAWRENCE L. KORDA, Circuit Judge.

The facts in this case are undisputed. In December, 1987, Oakland Park Police responded to a man passed out in a vehicle parked in the parking lot of a 24-hour restaurant. Appellee was found in the driver's seat, slumped over the steering wheel with the ignition keys in his hand. When awakened by the Police, Appellee responded to the police officer by the use of profanity and stating, "Leave me alone so I can go home." Appellee was arrested for driving under the influence based on his physical state and a strong odor of alcohol on his breath.

At a subsequent hearing, the trial court dismissed the charges against Appellee on the grounds that the facts as outlined weren't legally sufficient to show Appellee was in actual, physical control of his

vehicle as required by F. S. 316.193(1)(e). The order was entered March 11, 1988. [R.29]

## ISSUE

The Issue in this case is Whether the Trial Court Erred in Granting Defendant's Motion to Dismiss on the grounds that Appellee was not in actual, physical control of his vehicle?

## DISCUSSION

The question of what constitutes "actual, physical control" has been dealt with by the Courts by looking to and adopting the reasoning from other jurisdictions.

In *Key v Town of Kinsey,* 424 So.2d 701 (Ala.Crim.App. 1982), actual physical control was defined as "exclusive physical power and present ability to operate, move, park, or direct whatever use or non-use is to be made of the motor vehicle at the moment." Id. at 703. A three prong test was adopted for determining what constituted "actual, physical control." This test was determined to be too restrictive and was abandoned in *Cagle v City of Gadsden,* 495 So.2d 1144 (Ala. 1986). The new test, as set out by the Alabama Supreme Court is:

[T]he test to be used in DUI cases is to look at all of the surrounding circumstances to see if there is sufficient evidence to support the conclusion that the defendant was in "actual, physical control" of the vehicle.

In *Griffin v State,* 457 So.2d 1070 (Fla.App.2 Dist. 1984), at approximately 2:30 a.m., a police officer found petitioner in driver's seat of a car which was stationary in a traffic lane facing in a direction opposite to that in which traffic was to flow. The engine was stopped, the key was in the ignition, the lights were on and the foot brake was depressed. Petitioner was or appeared to be asleep.

While *Griffin* can be distinguished, the issues presented involved the definition of "in actual, physical control," under Section 316.193(1)(a). The trial court instructed the jury on the definition of "actual, physical control." The Appellate Court held that the Instruction was proper. The instruction was the same as that found in Florida Standard Jury Instructions in Misdemeanor Cases (1981 ed.). These Instructions were approved by the Florida Supreme Court as guidance for trial courts. *In re Florida Standard Jury Instructions in Criminal Cases,* 431 So.2d 594 (Fla. 1981). The Instruction is as follows:

1. Defendant drove or was in actual physical control of a vehicle . . . "Actual physical control of a vehicle" means the defendant

**165**

must be physically in (on) the vehicle. The defendant must have had the capability and power to dominate, direct or regulate the vehicle, *regardless of whether or not he was exercising that capability or power at the time of the alleged offense.* (Emphasis added)

The Court in *Griffin* found the facts to be circumstantial evidence that petitioner was in fact exercising control over the vehicle. The Court went on to say that even without the evidence as to the brake light being depressed, there was circumstantial evidence that petitioner had operated the vehicle on the public street. The Court cited *State v Eckert*, 186 Neb. 134, 181 N.W.2d 264, 268 (1970) and *Hughes v State*, 535 P.2d 1023 (Okla.Crim.App. 1975) as persuasive.

In *Griffin, supra,* the Court further adopted the position of the Oklahoma Court.

We believe that an intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than where an intoxicated person is actually driving the vehicle, but it does exist. The Defendant when arrested may have been exercising no conscious violation with regard to the vehicle, still there is a legitimate inference to be drawn that he placed himself behind the wheel of the vehicle and could have at any time started the automobile and driven away. He therefore had "actual physical control" of the vehicle within the meaning of the statute. See *Griffin,* at 1072.

Attorney for Appellee concludes that "the defendant should not be punished for having the foresight and concern for the welfare of the public by sleeping in his car. To impose guilt upon the Defendant would be to encourage intoxicated drivers to actually attempt to drive rather than seek the safety of some innocuous parking lot" [Appellee Brief at page 9]. The Courts agree that such conduct should be encouraged. However, it is not consistent with the intent of the legislature. As stated in dicta in *Griffin,* citing *State v Juncewski,* 308 N.W.2d 316, 320 (Minn. 1981) (quoting *State v Glylin,* 250 N.W. 252 (N.D. 1977)), "the real purpose of the statute is to deter individuals who have been drinking intoxicating liquor from getting into their vehicles, except as passengers." See *State v Schuler,* 243 N.W.2d 367 (N.D. 1976).

The intent of the Florida Legislature is similar to the intent of the Oklahoma legislature, to wit:

"[T]hat the legislature in making it a crime to be in "actual physical control of a motor vehicle while under the influence of intoxicating

166

liquor" intended to enable the drunken driver to be apprehended before he strikes. See *Griffin,* at 1072."

Further, it is obvious from Defendant's comments to the officer [R.11], that foresight of protecting the public by sleeping it off in some innocuous parking lot [Appellee Brief at 9] may not have been a controlling factor. Defendant may have simply passed out. If awakened by someone other than the officer, Defendant may well have started his vehicle and entered the flow of traffic while still in a state of intoxication.

In *Jones v Florida,* 510 So.2d 1147 (Fla.App.1 Dist. 1987), Officers found Defendant slumped over the wheel of her car which was stopped on the shoulder of a public road. It was determined that she was intoxicated and was charged with being in actual physical control of a motor vehicle while under the influence of alcoholic beverage.

The Court concluded as a matter of law that the State did not need to prove that a vehicle be immediately mobile or that a person had the ability to start the engine and immediately drive away under the vehicle's own power. The Court of Appeals applied the totality of the circumstances test, as set out in *Cagle v City of Gadsden.* The Court concluded that a person ought not be convicted of having a vehicle under his or her control while intoxicated when the vehicle was inoperable, the intoxicated person did not operate the vehicle prior to its becoming disabled and mechanical problems were such that it could not under any reasonable circumstances have been operated by the person accused. Operability is not the only factor but is a factor to be considered when making the determination of physical control of a vehicle.

In *Jones,* the Court held the purpose of the "control" provision in the statute is to deter persons under the influence of alcohol from placing themselves under circumstances where they *might become* [emphasis added] a menace ot life and limb. See *Cincinnati v Kelley,* 47 Ohio St.2d 94, 351 N.E.2d 85 (1976).

There is no question that Appellee possessed the requisite capability and could easily have become a menace to life and limb. Appellee was legally intoxicated, in the car, in the driver's seat, the keys were in his hand and the vehicle was operative. Further, as noted in the record [R.11], when awakened, the Defendant expressed a desire to be left along so he could go home.

## CONCLUSIONS

Based on the foregoing reasons and authorities cited herein, the

evidence is sufficient to show that Defendant was in actual physical control of the vehicle while intoxicated as required by F.S. 316.193(1)(e).

I ORDER that the decision of the trial court be reversed and remanded for further proceedings.