538 So.2d 106 (1989)
David Armstrong MITCHELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 88-3087.
District Court of Appeal of Florida, Fourth District.
February 8, 1989.
Douglas J. Glaid of Douglas J. Glaid, P.A., Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
This is a petition for writ of certiorari from a determination of the circuit court, acting in its appellate capacity, which reversed a county court decision which granted the petitioner/defendant's motion to dismiss.
Petitioner was the defendant in the county court, charged with violating section 316.193(1), Florida Statutes (1987), the criminal traffic offense of driving while under the influence of an alcoholic beverage.
*107 The first issue is whether this court has jurisdiction. In Baker v. State, 518 So.2d 457 (Fla. 5th DCA 1988), the Fifth District, citing to rule 9.140(b) and (c), Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987), Combs v. State, 436 So.2d 93 (Fla. 1983), and State v. Soto, 444 So.2d 1151 (Fla. 5th DCA 1984), refused to accept jurisdiction of a circuit court opinion reversing an order granting a motion to dismiss. The court found that such an opinion amounted to the same thing as an order denying a motion to dismiss, concluding that an adequate remedy existed on plenary appeal if conviction ensued.
The Third District, however, considered this issue in Fieselman v. State, 537 So.2d 603 (Fla. 3d DCA 1988). In that case, the court recognized the general rule that an eventual plenary appeal will bar certiorari review of an interlocutory decision of a trial court denying a motion to dismiss. However, it found that this rule was irrelevant, and did not bar review of an appellate decision of the circuit court which reversed a trial (county) court's order granting a motion to dismiss. The Third District stated:
The sole criterion for certiorari review of a circuit court appellate decision is whether the decision departs from the essential requirements of the law, Combs v. State, 436 So.2d 93 (Fla. 1983); see also City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982), and the availability vel non to the ultimately convicted defendant of an adequate remedy by appeal is simply irrelevant. This is so because, unlike a trial court decision which concerns and binds only the immediate litigants, an appellate decision  including, of course, one by the circuit court  establishes law beyond the case in which the decision is rendered.
Id. at 604 (emphasis supplied) (footnote omitted). The Third District in Fieselman certified the conflict with Baker v. State. We agree with the reasoning of the Third District and determine that this court has jurisdiction.
Here, the defendant was found at 1:00 a.m., slumped over the steering wheel of an automobile parked in the parking lot of a Burger King restaurant. The officers observed the defendant sleeping or passed out while sitting in the driver's seat with his left hand on the steering wheel. Although the keys were in the ignition, the engine was not running and the vehicle's headlights were not on.
The interpretation of "actual physical control," as used in section 316.193(1), Florida Statutes, has been considered in two prior Florida cases. In Griffin v. State, 457 So.2d 1070 (Fla. 2d DCA 1984), the defendant was found slumped over the steering wheel in an unconscious state at 2:30 in the morning, parked in a traffic lane facing a direction opposite to that in which the traffic was to flow. There were other distinguishing facts in that case.
However in Fieselman v. State, the Third District discussed the distinguishable facts of Griffin, and compared the facts before it. In Fieselman, the defendant was found lying down, asleep in the front seat of his automobile. His car was also in a parking lot. The automatic gearshift was in park, the key was in the ignition in the off position, the lights were on and the engine was not running and was cold.
The evidence on which the Fieselman case turned was the fact that the keys were in the ignition, even though the engine was turned off. The court stated:
Our task ... is to determine whether, from the evidence that ... a reasonable inference can be drawn that Fieselman, while intoxicated, placed the keys in the ignition and thus was at least at that moment in actual physical control of the vehicle while intoxicated.
Id. at 606-607. The Third District found that such an inference could be drawn, pointing out that the fact that the key was in the ignition
does not inexorably lead to the conclusion that the defendant was in actual physical control of the vehicle. It is merely a fact  along with the defendant's presence asleep and intoxicated in the vehicle  which, being capable of establishing the defendant's actual physical control of the vehicle, precludes the conclusion *108 that as a matter of law the defendant was not in actual physical control of the vehicle and thus precludes the entry of a dismissal of the charges.
Id. at 607 (emphasis supplied).
The petitioner argues that the facts of this case are distinguishable from Fieselman, because here there was no circumstantial evidence to suggest that petitioner had driven the car. Our reading of Fieselman suggests that the only difference is that the lights of Fieselman's car were on, whereas the lights of Mitchell's car were not on. Nevertheless, following the reasoning of Fieselman, this petition for writ of certiorari should be denied. We certify conflict with Baker v. State.
GLICKSTEIN and STONE, JJ., concur.
WALDEN, J., dissents with opinion.
WALDEN, Judge, dissents with opinion.
I would grant the Respondent's Motion to Dismiss for Lack of Jurisdiction upon authority of Baker v. State, 518 So.2d 457 (Fla. 5th DCA 1988); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987); Combs v. State, 436 So.2d 93 (Fla. 1983); and State v. Soto, 444 So.2d 1151 (Fla. 5th DCA 1984).
I do, therefore, respectfully dissent.