571 So.2d 75 (1990)
Robert John BALTRUS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0850.
District Court of Appeal of Florida, Fourth District.
December 12, 1990.
H. Scott Hecker of the Law Offices of H. Scott Hecker, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lynn Waxman, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant/Defendant/Baltrus ("Baltrus") appeals the circuit court's reversal of the trial court's order granting Baltrus' motion to dismiss the information charging Baltrus with driving under the influence of alcoholic beverages ("DUI") in violation of section 316.193, Florida Statutes (1987). Because this is an appeal from the circuit court sitting in its appellate capacity, we treat it as a petition for writ of certiorari.
The facts of this case are undisputed. At about 12:17 a.m., Baltrus was found passed out slumped over the steering wheel in the front seat of his car which was parked in the parking lot of a restaurant. The keys to the car were in Baltrus' hands. Baltrus was arrested and charged with violating section 316.193, Florida Statutes, which provides that a person is guilty of driving under the influence if "such person is driving or in actual physical control of a vehicle within this state ..."
When a district court reviews the appellate decision of a circuit court, the standard of review is "whether the circuit court followed procedural due process and observed the essential requirements of the law." State v. Macias, 481 So.2d 979, 980 (Fla. 4th DCA 1986) (quoting State v. Hillyard, 398 So.2d 996, 997 (Fla. 4th DCA), rev. denied, 408 So.2d 1093 (Fla. 1981)). In the instant case, the issue is whether Baltrus was not, as a matter of law, in actual physical control of the vehicle in which he was found while under the influence of alcoholic beverages.
In Griffin v. State, 457 So.2d 1070 (Fla. 2d DCA 1984), a police officer found the defendant asleep in the driver's seat of a stationary car that was in a traffic lane facing the wrong way. The engine was stopped, the key was in the ignition, the lights were on, and the footbrake was depressed by defendant's foot. The Griffin court denied the defendant's petition for writ of certiorari to review the affirmance of the defendant's conviction for driving under the influence, holding that there was circumstantial evidence that the defendant was in actual physical control of his car.
The Griffin court gave three reasons why they denied the defendant's writ. First, the presence of defendant's foot on the brake pedal was circumstantial evidence *76 that the defendant was in actual control of the car. Second, there was circumstantial evidence that the defendant had operated the vehicle on the public street. Finally, the court adopted the following statement of an Oklahoma Court in Hughes v. State, 535 P.2d 1023 (Okla. Crim. App. 1975):
We believe that an intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than where an intoxicated person is actually driving the vehicle, but it does exist. The defendant when arrested may have been exercising no conscious violation with regard to the vehicle, still there is a legitimate inference to be drawn that he placed himself behind the wheel of the vehicle and could have at any time started the automobile and driven away. He therefore had "actual physical control" of the vehicle within the meaning of the statute.
Griffin, 457 So.2d at 1072 (quoting Hughes, 535 P.2d at 1024). Additionally, the Griffin court stated that the intent of the Florida legislature was to apprehend the drunken driver before he drives drunk. Thus, although it appears that the Griffin court denied the defendant's writ for three reasons, the opinion implies that each reason alone would be sufficient to affirm defendant's conviction.
Similarly, in Fieselman v. State, 537 So.2d 603 (Fla. 3d DCA 1988), the defendant was found in a parking lot lying down asleep in the front seat of his car with the key in the ignition. The Fieselman court denied defendant's petition for writ of certiorari to review the circuit court's order reinstating the DUI charge because the presence of the defendant's key in the ignition was circumstantial evidence that the defendant was in actual physical control of his vehicle. However, in discussing the issue of actual physical control, the court found a significant distinction between a defendant lying down in the front seat of a car and a defendant sitting behind the wheel. In analyzing Griffin, the Fieselman court stated:

Griffin does not stand alone in emphasizing that evidence that the defendant was found sitting behind the wheel of the vehicle is a circumstance heavily supporting a finding that the defendant was exercising control over the vehicle. Other courts reaching the same result as Griffin have similarly pointed to the defendant's upright position behind the wheel as an important part of the calculus in determining the question of actual physical control of the vehicle.
537 So.2d at 606.
Griffin and Fieselman indicate that the presence of Baltrus behind the steering wheel prevents the conclusion, that, as a matter of law, Baltrus was not in physical control of his car. By denying certiorari, this court holds that, based on the facts of this case, the DUI charge survives Baltrus' motion to dismiss because a factual issue remains as to whether Baltrus was in actual physical control of his vehicle.
CERTIORARI DENIED.
GUNTHER and WARNER, JJ., concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
I would grant certiorari and reinstate the county court's decision on the grounds that the county judge had no choice under the limited and undisputed facts but to grant a dismissal.