701 So.2d 637 (1997)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Martha PRUE, Respondent.
No. 97-03265.
District Court of Appeal of Florida, Second District.
November 12, 1997.
Enoch J. Whitney, General Counsel, and Fanny Behar Sheiman, Assistant General Counsel, Miami, for Petitioner.
Michael F. Hornung, Fort Myers, for Respondent.
PARKER, Chief Judge.
State of Florida, Department of Highway Safety and Motor Vehicles (Department) petitions this court to issue a writ of certiorari to quash the circuit court's order granting Martha Prue's petition for writ of certiorari. The circuit court found that Prue was denied her right to a fair hearing and due process of law following a formal administrative hearing where an order was entered suspending Prue's driver's license for refusing to submit to breath, blood, or urine testing following an arrest for driving while under the influence of alcohol (DUI). We have jurisdiction. See Fla. R.App. P. 9.030(b)(2)(B), 9.100; Art. V, § 4(b)(3), Fla. Const. We issue the writ and quash the circuit court's order.
At approximately 1:45 a.m., Highway Patrol Trooper Gissendaner found Prue's van and trailer parked on the shoulder of a two-lane highway with the trailer protruding approximately one foot into the roadway. Neither the van nor the trailer had any lights on. There were no other people or vehicles in the area. Prue was passed out with her face resting on the steering wheel. Trooper Gissendaner knocked on the driver's door and received no response. Trooper Gissendaner then opened the driver's door and verbally attempted to awaken Prue, including yelling at her. Eventually, Trooper Gissendaner had to shake Prue for twenty to thirty seconds to obtain a verbal response. Prue was mumbling and sleepy, her eyes were droopy, her speech was slurred, and she did not make sense when she spoke. Trooper Gissendaner also smelled a strong odor of alcohol on Prue's breath.
At Trooper Gissendaner request, Prue agreed to perform the following field sobriety tests: (1) Horizontal Gaze Nystagmus, and (2) Balance Alphabet Test. Prue performed *638 poorly on these two tests. She could not maintain her balance, swayed constantly while standing, and jumbled her letters. Prue declined any further tests, claiming it would hurt her back. Trooper Gissendaner then placed Prue under arrest for DUI and transported her to the Collier County Jail. Prior to being transported to jail, Prue called a friend to pick up her vehicle. Prue's friend retrieved the keys from inside the vehicle in order to drive it away. The keys were either in the ignition or on the floor of the vehicle.
At the sheriff's office, Deputy Foster read the implied consent warnings to Prue. Because Prue refused to submit to a breath test, Trooper Gissendaner issued Prue a DUI citation for refusal to submit to a breath test and suspended her driving privilege pursuant to section 322.2615(1)(a), Florida Statutes (1995).
The arresting officer timely filed his paperwork concerning the refusal. Thereafter, Prue requested a formal review of her driver's license suspension. Following a hearing at which Prue elected not to testify, the hearing officer determined by a preponderance of the evidence that sufficient cause existed to sustain Prue's suspension. The Department informed Prue in an order that the suspension of her driving privilege would be for a period of eighteen months. The Department also informed Prue that she was ineligible for a hardship license because she had a prior refusal.
In a formal review conducted under section 322.2615, Florida Statutes (1995), the hearing officer must determine by a preponderance of the evidence whether sufficient cause exists to sustain the suspension. The scope of the review is limited to the following issues if the license was suspended for refusal to submit to a breath, blood, or urine test:
1. Whether the arresting law enforcement officer had probable cause to believe that the person was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or controlled substances.
2. Whether the person was placed under lawful arrest for a violation of s. 316.1931.
3. Whether the person refused to submit to any such test after being requested to do so by a law enforcement or correction officer.
4. Whether the person was told that if he or she refused to submit to such test his or her privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of eighteen months.
§ 322.2615(7)(b), Fla. Stat. (1995).
The circuit court's order takes issue only with Prue's actual physical control of the vehicle. The order states:
The Hearing Officer's finding that the Petitioner was in actual physical control of the automobile at the time of arrest was based on the assumption that the Petitioner must have had the keys to the automobile with her, since she gave them to someone after the arrest. This finding that the Petitioner was in actual physical control of the automobile is not supported by competent substantial evidence. The State of Florida, Department of Safety and Motor Vehicles Hearing Officer's order sustaining the suspension of Petitioner's driving privilege is not supported by substantial competent evidence.
In certiorari review of such administrative orders, the circuit court must function as an appellate court and is not entitled to reweigh the evidence or substitute its judgment for that of the agency. See Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla. 1995). See also Education Dev. Ctr. v. City of West Palm Beach, 541 So.2d 106 (Fla. 1989). We conclude that there was competent evidence before the hearing officer to conclude that Prue was in actual physical control of her vehicle. It was 1:45 a.m. on a highway with no one there but Prue. Clearly, she was passed out and under the influence of alcohol. Case law supports the hearing officer's findings under the facts of this case where Prue was the only one in the vehicle and the keys to the vehicle were either in the ignition or near enough for Prue to use them to start the vehicle and drive away. See Griffin v. State, 457 So.2d 1070 (Fla. 2d DCA 1984); Maurer v. State, 668 So.2d 1077 (Fla. 5th DCA 1996); Baltrus v. State, 571 So.2d 75 (Fla. 4th DCA 1990); Mitchell v. State, *639 538 So.2d 106 (Fla. 4th DCA 1989); Fieselman v. State, 537 So.2d 603 (Fla. 3d DCA 1988).
This court's certiorari review should be limited to whether the circuit court departed from the essential requirements of the law and whether such departure was serious enough to result in a miscarriage of justice. See Heggs. We conclude that the circuit court's order fails to satisfy that test because the order attempts to reweigh the evidence at the administration hearing. Therefore, we grant the Department's petition for writ of certiorari and quash the circuit court's order.
FRANK and NORTHCUTT, JJ., concur.