# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs October 26, 2010

## STATE OF TENNESSEE v. JESSICA LEE CLARK

**Appeal from the Circuit Court for Franklin County**
**No. 18210     J. Curtis Smith, Judge**

---

**No.  M2010-00651-CCA-R3-CD - Filed April 27, 2011**

---

The Franklin County Grand Jury indicted Appellant, Jessica Lee Clark, for one count of driving under the influence ("DUI"), one count of violation of the implied consent law, and one count of reckless driving.  Appellant was convicted of DUI by a jury and the trial court determined she had violated the implied consent law.  She was acquitted of the reckless driving charge.  The trial court sentenced Appellant to eleven months and twenty-nine days to be served on probation except for seven days to be served in confinement.  Appellant appeals her DUI conviction.  On appeal, Appellant argues that the evidence presented that she was intoxicated through the ingestion of alcohol is not sufficient evidence to support her conviction because the use of the term "intoxicant" in Tennessee Code Annotated section 55-10-401(a)(1) requires evidence of the use of an intoxicant other than alcohol.  We conclude that the term "intoxicant" as used in Tennessee Code Annotated section 55-10-401(a)(1) does include alcohol and that Appellant's argument is without merit.  Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Philip A. Condra, District Public Defender and Robert G. Morgan, Assistant Public Defender, Jasper, Tennessee, for the appellant, Jessica Lee Clark.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Steven M. Blount and William Copeland, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

In the early morning hours of April 5, 2008, Franklin County Sheriff's Deputy Samuel Davidson was following a car driving on Highway 41A near Estill Springs, Tennessee. Deputy Davidson observed the car cross over the yellow center line five times. At this point, the officer activated his blue lights and initiated a traffic stop. Appellant was the driver of the car. Deputy Davidson immediately smelled alcohol and noticed that Appellant's eyes were red and bloodshot. The officer administered several field sobriety tests including the heel-to-toe test, the walk-and-turn test, the one-legged stand test, a finger-to-nose test, and a simple finger count. Appellant was unable to successfully complete any tests. She either was unable to follow the directions given to her by Deputy Davidson, or she suffered from a lack of balance and coordination.

Deputy Davidson asked Appellant to submit to a breath-alcohol test, and she agreed. In three attempts at blowing into the intoximeter, Appellant was unable to provide a sufficient sample. At this point, Deputy Davidson concluded that Appellant was not following his instructions properly. Based on the field sobriety tests and his observations of Appellant, Deputy Davidson concluded that Appellant was indeed intoxicated and arrested her for driving under the influence of an intoxicant (DUI).

In July 2008, the Franklin County Grand Jury indicted Appellant for one count of DUI, one count of violation of the implied consent law, and one count of reckless driving. At the conclusion of a jury trial, Appellant was convicted of DUI. She was found not guilty of reckless driving. The trial court determined that Appellant had violated the implied consent law.

On November 16, 2009, the trial court sentenced Appellant to eleven months and twenty-nine days, to be served on probation with only seven days to be served in confinement. Appellant timely filed a notice of appeal.

### ANALYSIS

On appeal, Appellant argues that the evidence was insufficient to support her conviction. She states that when she was charged with DUI, she was charged with the following language, "**[Appellant]** was under the influence of an intoxicant, alcohol, marijuana, narcotic drug or drug producing stimulating effects on the central nervous system, in violation of **T.C.A. 55-10-401** . . . ." (emphasis in original) Prior to trial, Appellant pointed out to the trial court that the language used in the indictment was not the same as in

Tennessee Code Annotated section 55-10-401(a)(1) because the indictment included the term alcohol. Tennessee Code Annotated section 55-10-401(a)(1), in effect at the time of Appellant's conviction, states that it is illegal to drive a vehicle while "[u]nder the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system . . . ." Tennessee Code Annotated section 55-10-401(a)(2) is an alternative basis for conviction based upon the "alcohol concentration in the person's blood or breath."

In response to Appellant's motion regarding the language in the indictment, the trial court redacted the word "alcohol" from the indictment. After this change, the language in the indictment was identical to the language in Tennessee Code Annotated section 55-10-401(a)(1).

On appeal, Appellant argues the following: "There was no evidence offered . . . to indicate that the [Appellant] was under the influence of any intoxicant other than alcohol. The Appellant respectfully submits that once the court amended the indictment to exclude alcohol, the State was required to provide evidence of some intoxicant other than alcohol."

Appellant's issue is basically a question of whether the term "any intoxicant" as used in Tennessee Code Annotated section 55-10-401(a)(1) includes alcohol. Generally, when construing a statute, every word within the statute is presumed to "have meaning and purpose and should be given full effect." *State v. Odom*, 928 S.W.2d 18, 29-30 (Tenn. 1996) (quoting *Marsh v. Henderson*, 424 S.W.2d 193, 196 (Tenn. 1968)). This Court's primary duty in construing a statute is "to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995); *see also State v. Davis*, 940 S.W.2d 558, 561 (Tenn. 1997). Legislative intent should be gleaned from the "natural and ordinary meaning of the language used, without a forced or subtle construction that would limit or extend the meaning of the language." *Carter v. State*, 952 S.W.2d 417, 419 (Tenn. 1997). "In seeking to determine the 'natural and ordinary meaning' of statutory language, the usual and accepted source for such information is a dictionary." *English Mtn. Spring Water v. Chumley*, 196 S.W.3d 144, 148 (Tenn. Ct. App. 2005). Furthermore, this Court should construe a statute so that its component parts are consistent and reasonable, and inconsistent parts should be harmonized, where possible. *Odom*, 928 S.W.2d at 30.

In Webster's Third New International Dictionary "intoxicant" is defined as "something that intoxicates: an intoxicating agent; *esp*: an alcoholic drink." Webster's Third New International Dictionary 1185 (1993) (emphasis in original). The term "intoxicant" is not defined in this title 55 or chapter 10. However, Tennessee Code Annotated section 57-2-101 includes a definition of the terms "intoxicating liquors" and "intoxicating drinks" as

"includ[ing] alcohol, spirits, liquors, wines and every liquid or solid, patented or not, containing alcohol, spirits, liquor, or wine, and capable of being consumed by human beings; . . . ." In Tennessee Code Annotated section 57-2-102 and 57-2-104, which are in the same title, chapter, and part, the term "intoxicants" standing alone is used in reference with the above definition. *See* T.C.A. § 57-2-102(a) (stating "Before anyone shall engage in the manufacture of intoxicants, as defined in this chapter . . . ."); T.C.A. § 57-2-104 (stating "the sorting herein provided for shall be within the county authorizing the operation of the manufacture of the intoxicants . . . .").

In addition, the appellate courts in this State have clearly determined that alcohol is included in the term "intoxicants" as used in the statute in question. In *State v. Lawrence*, 849 S.W.2d 761 (Tenn. 1993), our supreme court interpreted the meaning of the words "physical control" in Tennessee Code Annotated section 55-10-401(a). 849 S.W.2d at 705-06. In the opinion, the court stated, "It is our opinion that the Legislature, in making it a crime to be in physical control of an automobile while under the influence of an intoxicant, 'intended to enable the *drunken* driver to be apprehended before he strikes.'" *Lawrence*, 849 S.W.2d at 765 (quoting *Hughes v. State*, 535 P.2d 1023, 1024 (Okla. 1975)) (emphasis added). There are multiple opinions that uphold a defendant's conviction under Tennessee Code Annotated section 55-10-401(a)(1) based upon evidence of intoxication solely as a result of alcohol. *See e.g., State v. Robert L. Short*, No. E2007-01523-CCA-R3-CD, 2008 WL 1839131 (Tenn. Crim. App., at Knoxville, Apr. 24, 2008), *perm. app. denied,* (Tenn. Jul. 17, 2008); *State v. William G. Arterburn*, No. E2005-00596-CCA-R3-CD, 2006 WL 223691 (Tenn. Crim. App., at Knoxville, Jan. 30, 2006), *perm. app. denied,* (Tenn. Jun. 26, 2006); *State v. Jarrod Johnston Slaughter*, No. W2005-00442-CCA-R3-CD, 2006 WL 211820 (Tenn. Crim. App., at Jackson, Jan. 25, 2006), *perm. app. denied,* (Tenn. May 30, 2006).

We conclude, based upon the ordinary meaning of the word intoxicant in the dictionary, the use of the word intoxicant in other titles of our statutory code, and prior case law, that the legislature clearly intended the term "intoxicant" as used in Tennessee Code Annotated section 55-10-401(a)(1) to include alcohol.

Therefore, Appellant's argument that the evidence was insufficient to support her conviction for DUI because the State was required to provide evidence of an intoxicant other than alcohol is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.


_____

JERRY L. SMITH, JUDGE