NORTHCUTT, Judge.
 

 The State appeals the dismissal of its charge against Farrah Fitzgerald for felony driving under the influence. The circuit court dismissed the case after determining that the State could not prove that Fitzgerald was in actual physical control of a vehicle at the time of the alleged offense. We reverse because the State may prove the charge with evidence that the defendant was physically in a vehicle with the capability to operate it, regardless of whether she was actually operating it at the time.
 

 A police officer found Fitzgerald sitting, intoxicated, in the driver’s seat of a parked car. She readily produced the car keys upon the officer’s request. She was charged with driving under the influence, a third-degree felony pursuant to section 316.193(2)(b)(l), Florida Statutes (2008), because she allegedly has two prior DUI convictions. She filed a motion to dismiss under Florida Rule of Criminal Procedure 3.190. The court held a hearing on both the motion to dismiss and a motion to suppress. After hearing the arresting officer’s testimony and the parties’ arguments, the circuit court granted the motion to dismiss.
 

 At the hearing, the officer testified that he saw a Pontiac stopped in an intersection in Largo at around midnight. The car’s lights were on; the officer testified that he saw “the lights on pointing towards residential areas,” so we assume he was referring to the headlights rather than the interior lights. The officer saw a, pair of legs hanging out of an open passenger door, which caused him to be concerned. The officer stopped and approached, observing that the car’s engine was not running. As he walked by the passenger side, the officer observed that a male passenger’s legs were hanging out of his side of the car, and he saw that the passenger was breathing and that his hands were empty. The officer then heard a voice say either “I’m not driving” or “I wasn’t driving.” The voice came from the driver’s side, and the officer then observed Fitzgerald sitting in the driver’s seat.
 

 The officer testified that he looked over to the driver’s side and saw the car keys in Fitzgerald’s right hand. On cross-examination, the officer explained that he asked her for the keys and that she produced them in her right hand. His “assumption was that they were always in her right hand because [he] never saw them any other place.” But he agreed that he did not know if the keys were in her hand the whole time or if they came from somewhere else.
 

 The officer then approached the driver’s door, which was also open, and engaged Fitzgerald. He observed that her speech
 
 *77
 
 was slurred and that she smelled of alcohol. He conducted a DUI investigation and ultimately arrested Fitzgerald. Her breath tests revealed alcohol levels of .201 and .218, which exceeded the .08 threshold established by section 316.193(l)(c).
 

 Section 316.193(1) makes it a crime for a person to be “driving or in actual physical control of a vehicle within this state” while under the influence of alcohol or drugs. Fitzgerald was not driving the car, so the State proceeded on a theory of actual physical control. To prove this element, “the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he][she] is actually operating the vehicle at the time.” Fla. Std. Jury Instr. (Crim.) 28.1.
 

 In this case, Fitzgerald was physically in the vehicle. The question here is whether, as a matter of law, the undisputed evidence fails to show that she had the capability of operating the vehicle. To survive a motion to dismiss, the State must show a prima facie case, with all inferences resolved in the State’s favor.
 
 State v. James,
 
 928 So.2d 1269, 1271 (Fla. 2d DCA 2006). Our review is de novo.
 
 Id.
 
 at 1270.
 

 In some cases, DUI convictions have turned on inferences from circumstantial evidence that the defendants had driven motor vehicles to the locations at which they were arrested.
 
 See, e.g., State v. Boynton,
 
 556 So.2d 428 (Fla. 4th DCA 1989). Here, the circuit court was skeptical of that approach because there was a passenger present, leading to a possible inference that the passenger drove to the current location and then switched seats with Fitzgerald. We note that a court should not grant a motion to dismiss “simply because it concludes that the case will not survive a motion for judgment of acquittal at trial.”
 
 State v. Jaramillo,
 
 951 So.2d 97, 99 (Fla. 2d DCA 2007). But we see another problem with the circuit court’s analysis.
 

 The circuit court’s focus on whether the State could prove that Fitzgerald drove the car to the location of her encounter with the officer overlooked that the statute is just as concerned about the driver’s ability to drive the car from there. The legislature defined the crime to include not only driving but also actual physical control “to enable the drunken driver to be apprehended before he strikes.”
 
 Griffin v. State,
 
 457 So.2d 1070, 1072 (Fla. 2d DCA 1984) (quoting
 
 Hughes v. State,
 
 535 P.2d 1023, 1024 (Okla.Crim.App.1975)). This court agreed with the conclusions of the Oklahoma court:
 

 [A]n intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than where an intoxicated person is actually driving the vehicle, but it does exist. The defendant when arrested may have been exercising no conscious violation with regard to the vehicle, still there is a legitimate inference to be drawn that he placed himself behind the wheel of the vehicle and could have at any time started the automobile and driven away. He therefore had “actual physical control” of the vehicle within the meaning of the statute.
 

 Id.
 
 (quoting
 
 Hughes,
 
 535 P.2d at 1024).
 

 The Florida jury instruction speaks in terms of “capability to operate the vehicle.” Capability means “practical ability.”
 
 Webster’s New World College Dictionary
 
 216 (4th ed. 2002). In analyzing the necessary proof of this element, the First District reviewed cases from Alabama, where the courts review the totality of the circumstances to determine whether someone is in actual physical control.
 
 Jones v. State,
 
 510 So.2d 1147, 1148 (Fla. 1st DCA
 
 *78
 
 1987) (citing
 
 Cagle v. City of Gadsden,
 
 495 So.2d 1144 (Ala.1986)).
 
 Jones
 
 noted that Alabama finds the following factors to be relevant: active or constructive possession of the ignition key, position in the driver’s seat, and a vehicle that is operable. 510 So.2d at 1148. In Florida, a vehicle’s inop-erability is a defense rather than an element.
 
 Id.
 
 at 1149.
 

 Here, Fitzgerald was sitting in the driver’s seat, and she readily produced the car keys. There was no evidence that she needed to search for the keys or that she retrieved them from the passenger. We add to this the additional facts that the car was stopped in an intersection with its lights on. As
 
 Griffin
 
 noted, a legitimate inference to be drawn is that Fitzgerald placed herself behind the wheel and at any time could have started the car and driven away. 457 So.2d at 1072.
 

 This interpretation was followed in
 
 State, Department of Highway Safety & Motor Vehicles v. Prue,
 
 701 So.2d 637 (Fla. 2d DCA 1997), which reviewed the issue of actual physical control in the context of a driver’s license suspension. In holding that competent evidence supported the hearing officer’s finding that Prue was in actual physical control, we relied on evidence showing that “the keys to the vehicle were either in the ignition or near enough for Prue to use them to start the vehicle and drive away.”
 
 Id.
 
 at 638. Likewise, here, the keys were close enough for Fitzgerald to use them to start the car and drive away.
 
 See Baltrus v. State,
 
 571 So.2d 75 (Fla. 4th DCA 1990) (finding evidence sufficient to defeat motion to dismiss when defendant was slumped over steering wheel in front seat of car in parking lot although keys were in his hand rather than in the ignition);
 
 Fieselman v. State,
 
 537 So.2d 603 (Fla. 3d DCA 1988) (finding evidence sufficient to defeat motion to dismiss; although defendant was lying down on front seat of car in parking lot, keys were in the ignition and lights were on);
 
 see also Lamore v. State,
 
 983 So.2d 665, 669 & n. 5 (Fla. 5th DCA 2008) (describing offense as one of general intent that punishes the intentional act of “placing oneself in actual physical control of a motor vehicle,” which furthers the legitimate governmental interest of “protecting the public from the danger of an impaired person who places himself behind the wheel and could at any time and with little difficulty start the car and drive away”).
 

 The facts before the circuit court satisfied the State’s burden to prima facie demonstrate that Fitzgerald was in actual physical control of a motor vehicle while under the influence of alcohol. Accordingly, we reverse the dismissal of this charge and remand for further proceedings.
 

 Reversed and remanded.
 

 LaROSE and CRENSHAW, JJ., Concur.